CHAD E. NYDEGGER, (BAR #9964); Email: cnydegger@wnlaw.com
ROBERT L. FLORENCE (*Pro Hac Vice*); Email: rflorence@wnlaw.com
WORKMAN│NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Vitamins Online, Inc., NutriGold, Inc.
and Osman Khan, individual

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VITAMINS ONLINE, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>HEARTWISE, INC. an Oregon corporation d/b/a NATUREWISE,<br><br>Defendant/Counterclaim Plaintiff. | Civil Action No. 2:13-cv-00982-DAK<br><br>**PLAINTIFF'S CONDITIONAL MOTION TO CONDUCT DISCOVERY PURSUANT TO FED.R.CIV.P. 56(d) TO OPPOSE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge Dale A. Kimball<br><br>Demand for Jury Trial |
| HEARTWISE, INC. an Oregon corporation d/b/a NATUREWISE,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>NUTRIGOLD, INC., a Delaware corporation, NUTRIGOLD, INC. an expired Utah corporation d/b/a BUYHERBS, and OSMAN KHAN, an individual,<br><br>Third-Party Defendants. | |

**MOTION**

Plaintiff Vitamins Online, Inc. ("Vitamins Online"), through its counsel of record, hereby submits the following conditional motion to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d) Motion") to oppose to the *Combined Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment of Willful False Advertising and Counter-motion for Summary Judgment to Dismiss Plaintiff's Lanham Act Claim* (Dkt. No. 74) (the "Defendant's SJ Motion") filed by defendant HeartWise, Inc. d/b/a NatureWise ("NatureWise").

In Defendant's SJ Motion, NatureWise seeks summary judgment on Vitamins Online's Lanham Act claims. NatureWise argues that its admitted acts manipulating the Amazon product review system do not constitute false and deceptive statements concerning their products, and that Vitamins Online has no evidence to show that NatureWise's literally false label claims and advertisements concerning the ingredients and characteristics of its dietary supplements were (1) material to consumers' purchasing decisions and (2) caused injury to Vitamins Online. Vitamins Online has presented both legal and factual arguments sufficient to defeat Defendant's SJ Motion in its opposition thereto. However, out of an abundance of caution in the unlikely event that the Court finds that Vitamins Online's arguments presented in opposition to Defendant's SJ Motion do not prevail, Vitamins Online files this conditional motion to conduct additional discovery pursuant to Rule 56(d).

While fact discovery in this case is closed, the case is in the middle of expert discovery and opening expert reports are not yet due. Consumer surveys are classic evidence used to show how consumers perceive and use allegedly false and deceptive advertising statements. Such consumer surveys are the subject of expert discovery, which has not yet been conducted in this case. Similarly, injury may be shown through analysis of the sales data for the parties,

particularly where, as here, the parties are direct competitors.  Such analysis and evidence is also the fodder of expert testimony.  Whereas opening expert reports are not yet due, Vitamins Online requests the Court to deny Defendant's SJ Motion with leave to refile the motion after the conclusion of expert discovery so that Vitamins Online may present expert testimony in response to Defendant's SJ Motion.  This motion is supported by the concurrently-filed *Declaration of Chad Nydegger in Support of Plaintiff's Conditional Motion to Conduct Discovery Pursuant to Fed.R.Civ.P. 56(d) to Oppose Defendant's Motion for Partial Summary Judgment* and the following memorandum.  A proposed order is also submitted herewith.

DATED this 4th day of August, 2015.

        WORKMAN NYDEGGER

        By  /s/*Chad E. Nydegger*
            CHAD E. NYDEGGER
            ROBERT L. FLORENCE

        Attorneys for Vitamins Online, Inc., NutriGold, Inc. and Osman Khan, individual

## **TABLE OF CONTENTS**

**Page**

I. STATEMENT OF BACKGROUND FACTS AND PROCEDURAL POSTURE.............1

II. ARGUMENT...................................................................................................................3

    A. Legal Standard for Relief under Rule 56(d) ............................................................3

    B. Vitamins Online Should Be Allowed to Gather Expert Testimony Essential to Prove the Elements of Falsity, Materiality and Injury. ........................4

III. CONCLUSION................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Australian Gold, Inc. v. Hatfield*,
    436 F.3d 1228 (10th Cir. 2006) ........................................................................................ 5

*Cashmere & Camel Hair Mfrs. Institute v. Saks Fifth Ave.*,
    284 F.3d 302 (1st Cir. 2002) ......................................................................................... 4, 6

*Comm. for the First Amend. v. Campbell*,
    962 F.2d 1517 (10th Cir. 1992) ........................................................................................ 3

*Cottrell, Ltd. v. Biotrol Int'l, Inc.*,
    191 F.3d 1248 (10th Cir.1999) ......................................................................................... 3

*Johnson & Johnson Merck v. Smithkline*,
    960 F.2d 294 (2nd Cir. 1992) ....................................................................................... 4, 6

*Procter & Gamble Co. v. Haugen*,
    627 F. Supp.2d 1287 (D. Utah 2008) ............................................................................... 5

*Southland Sod Farms v. Stover Seed Co.*,
    108 F.3d 1134 (9th Cir. 1997) ......................................................................................... 4

*United Indus. Corp. v. Clorox Co.*,
    140 F.3d 1175 (8th Cir. 1998) ......................................................................................... 4

*Valley Forge Ins. v. Health Care Mgmt.*,
    616 F.3d 1086 (10th Cir. 2010) ....................................................................................... 4

## **OTHER AUTHORITIES**

*Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure* §
    2740 at 530 (1983) ........................................................................................................... 3

*James W. Moore & Jeremy C. Wicker, Moore's Federal Practice* ¶ 56.24 (1988) ........................ 4

## **RULES**

Federal Rules of Civil Procedure 56 ............................................................................................... 3

**MEMORANDUM**

I.  **STATEMENT OF BACKGROUND FACTS AND PROCEDURAL POSTURE.**

Vitamins Online is a Utah-based company that sells a variety of dietary supplements. Two products that Vitamins Online manufactures and markets are NutriGold Garcinia Cambogia and NutriGold Green Coffee. NutriGold Garcinia Cambogia comes in five hundred milligram (500 mg) capsules and contains the brand name Super CitriMax garcinia cambogia extract ("Super CitriMax"), which is standardized to contain sixty percent (60%, i.e. 300 mg per capsule) of the active compound hydroxycitric acid ("HCA"). The HCA in Super Citrimax is bound to sixty milligrams (60 mg) of potassium and forty milligrams (40 mg) of calcium because HCA in this form has been shown to enhance absorption of the HCA in the body. Super CitriMax with HCA bound to potassium and calcium is patented, and has been clinically proven as an appetite suppressant. NutriGold Garcinia Cambogia also contains vegetarian capsules.

NatureWise also sells a dietary supplement containing garcinia cambogia extract ("NW Garcinia Cambogia"), which competes directly with NutriGold Garcinia Cambogia. To effectively compete with NutriGold Garcinia Cambogia, NatureWise also advertised its NW Garcinia Cambogia as containing Super CitriMax, as being clinically proven, as being standardized to sixty percent (60%) HCA, and being bound to sixty milligrams (60 mg) of potassium and forty milligrams (40 mg) of calcium. NatureWise further advertised that its NW Garcinia Cambogia contained vegetarian capsules. The undisputed facts in this case show that each of these representations concerning NW Garcinia Cambogia is false.

Vitamins Online also sells NutriGold Svetol Green Coffee, a dietary supplement containing green coffee extract ("NutriGold Green Coffee"). One important feature of NutriGold Green Coffee is that it does not contain any artificial ingredients, binders or fillers. NutriGold Green Coffee is also standardized to contain forty-five percent (45%) chlorogenic

1

acids, which is the amount of the active compound in the supplement that acts to help control appetite.

NatureWise offers competing dietary supplements containing green coffee extract ("NW Green Coffee"). To effectively compete with NutriGold Green Coffee, NatureWise also advertised NW Green Coffee as being free of artificial ingredients, binders and fillers, and as being standardized to fifty percent (50%) chlorogenic acids. However, NatureWise's own test results shows that these representations were also false. The undisputed facts of record show that NatureWise Green Coffee contained the artificial ingredients, binders and fillers maltodextrin, magnesium stearate, and silicon dioxide, and was not standardized to 50% chlorogenic acids.

To further bolster its standing and sales on Amazon.com, NatureWise also manipulated the product review system on Amazon.com. Specifically, NatureWise voted on the helpfulness/unhelpfulness of product reviews posted on NatureWise's products and gave customers free products in exchange for posting positive reviews for its products.

In October 2013, Vitamins Online initiated this Action bringing claims for false advertising under the Lanham Act. Vitamins Online's Lanham Act claims are based on (1) NatureWise's false statements concerning the ingredients and characteristics of its products (the "False Ingredient Claims"), and (2) NatureWise's manipulation of Amazon's product review system (the "Review Manipulation Claims"). On May 28, 2015 Vitamins Online filed a *Motion for Partial Summary Judgment of Willful False Advertising* ("Plaintiff's SJ Motion") seeking partial summary judgment on some of its False Ingredient Claims. On July 2, 2015, NatureWise filed Defendant's SJ Motion seeking summary judgment on both Vitamins Online's False Ingredient Claims and its Review Manipulation Claims. Vitamins Online filed its opposition to Defendant's SJ Motion ("Plaintiff's Opposition") concurrently with this Rule 56(d) Motion.

Fact discovery in this case closed on May 29, 2015, but opening expert reports currently are not due until September 30, 2015. (Dkt. No. 72.)

## II.     ARGUMENT

To establish its claims for false advertising under the Lanham Act, Vitamins Online must establish the following four elements:

> (1) that [NatureWise] made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product[s]; (2) in commerce; (3) that are either likely to cause confusion or mistake as to . . . the characteristics of the goods or services; and (4) injure [Vitamins Online].

*Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1252 (10th Cir.1999). To satisfy the first element Vitamins Online must demonstrate that NatureWise's representations of fact are both false/misleading and material. *Cottrell, Ltd.*, 191 F.3d at 1252. Defendant's SJ Motion argues that Vitamins Online cannot meet the false/misleading element with regard to the Review Manipulation Claims, and cannot meet the materiality and injury elements with regard to all of its Lanham Act claims.

### A.    Legal Standard for Relief under Rule 56(d)

Rule 56 (d)[1] allows a non-movant to defeat or defer a motion for summary judgment by showing "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" "Although the affidavit [to invoke Rule 56(d)] need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented." *Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (*citing* C*harles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure* § 2740 at 530 (1983)). "This includes identifying (1) 'the probable facts not available,' (2) why those facts cannot be presented currently, (3) 'what steps have been taken to obtain these facts,' and (4)

---

[1] Rule 56(f) was renumbered as Rule 56(d) without substantive change in 2010. Thus, much of the relevant case law refers to Rule 56(f).

'how additional time will enable [the party] to' obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. v. Health Care Mgmt.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (*citing Comm. for the First Amend.*, 962 F.2d at 1522). "Unless dilatory or lacking in merit, the motion should be liberally treated." *Comm. for the First Amend.*, 962 F.2d at 1522 (*quoting James W. Moore & Jeremy C. Wicker, Moore's Federal Practice* ¶ 56.24 (1988)).

### B. Vitamins Online Should Be Allowed to Gather Expert Testimony Essential to Prove the Elements of Falsity, Materiality and Injury.

As established above, the Court need consider this Rule 56(d) motion only in the unlikely event the Court finds that legal presumptions and evidence Vitamins Online presented in opposition to Defendant's SJ Motion are insufficient. In such a scenario, the Court should allow Vitamins Online to present expert evidence to establish that NatureWise's Amazon product review manipulation practices convey false or misleading messages to consumers, and that both NatureWise's Amazon product review manipulation practices and the false labeling of its products are material to consumers and have injured Vitamins Online.

Consumer surveys conducted by expert witnesses are frequently used to demonstrate how consumers perceive a party's representations about their products (falsity), whether those representations are material to them (materiality), and whether consumers were actually deceived (injury). *Cashmere & Camel Hair Mfrs. Institute v. Saks Fifth Ave.*, 284 F.3d 302, 313-14 (1st Cir. 2002) ("Usually consumer deception is demonstrated through surveys, which establish that consumers were misled by the alleged misrepresentations." (*citing Johnson & Johnson Merck v. Smithkline*, 960 F.2d 294, 298 (2nd Cir. 1992))); *United Indus. Corp. v. Clorox Co.,* 140 F.3d 1175, 1182 (8th Cir. 1998) (consumer surveys typically used to prove consumer perception of impliedly false message); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997) ("Reactions of the public are typically tested through the use of consumer surveys.").

Indeed, NatureWise uses the very absence of a consumer survey in the record to argue that Vitamins Online cannot prove its claims. (Defendant's SJ Motion, at 65n.13 ("Vitamins Online is thus required to demonstrate actual consumer confusion 'by direct evidence, a diversion of sales or direct testimony from the public, or by circumstantial evidence such as consumer surveys.'") (citing *Procter & Gamble Co. v. Haugen*, 627 F. Supp.2d 1287, 1290 (D. Utah 2008) [quoting *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1241 (10th Cir. 2006)]).

In this case, expert consumer survey concerning consumers' perception of NatureWise's vote manipulation and practice of giving consumers free products and gift cards to write positive Amazon product reviews on NatureWise's products will provide evidence that these practices convey a false and misleading message to consumers that (1) NatureWise's products have been endorsed by thousands of unbiased consumers, and (2) unbiased consumers have determined NatureWise's positive reviews to be more helpful and reliable than its negative reviews.[2] (*Declaration of Chad Nydegger in Support of Plaintiff's Conditional Motion to Conduct Discovery Pursuant to Fed.R.Civ.P. 56(d) to Oppose Defendant's Motion for Partial Summary Judgment* ("Nydegger Decl."), ¶ 3.) Such evidence will rebut NatureWise's argument in Defendant's SJ Motion that its manipulation of the Amazon product review system does not constitute a false or deceptive statement actionable under the Lanham Act.

An expert consumer survey will also provide evidence that consumers perceive NatureWise's literally false statements concerning the ingredients of its products to be material to consumers' purchasing decisions. (Nydegger Decl., ¶ 4.) Such evidence will rebut

---

[2] Although not argued in Defendant's Summary Judgment Motion, such consumer surveys will also provide evidence that this false and deceptive message conveyed by NatureWise's manipulation of the Amazon product review system is material to consumers' purchasing decisions. (Nydegger Decl., at ¶ 3.)

NatureWise's argument in Defendant's SJ Motion that its false statements concerning the ingredients of its products are not material to consumers.

Turning to the issue of injury, consumer deception combined with a loss in sales is the quintessential form of injury a direct competitor causes by falsely advertising its products. As set forth above, consumer deception is frequently proved through consumer surveys. *Cashmere & Camel Hair Mfrs. Institute*, 284 F.3d at 313-14 ("Usually consumer deception is demonstrated through surveys, which establish that consumers were misled by the alleged misrepresentations." (*citing Johnson & Johnson Merck*, 960 F.2d at 298). As for lost sales, expert analysis and testimony concerning the sales trends of NatureWise and Vitamins Online's directly competing products on Amazon.com will provide evidence that NatureWise's false and deceptive labeling and advertising on Amazon has caused injury to Vitamins Online in the form of steeply declining sales, which decline is concomitant with NatureWise's rise in sales. (Nydegger Decl., at ¶ 5.)

Whereas fact discovery only recently concluded and opening expert reports are not yet due, there is no reasonable basis upon which NatureWise can argue that Vitamins Online has been dilatory in discovering this evidence. Indeed, Vitamins Online has already retained a survey expert who has already conducted one consumer survey. (Nydegger Decl., at ¶ 6.) While the results of the consumer survey and sales analysis have yet to be analyzed and put into expert reports, opening reports are not yet due. (*Id.*) NatureWise also has retained an expert witness to analyze the sales data that has been produced in this case. (*Id.* at ¶ 7.) While Vitamins Online has not yet served expert reports containing the expert analysis and testimony that will provide evidence sufficient to defeat Defendant's SJ Motion, there can be no argument by NatureWise that Vitamins Online's pursuit of this expert evidence has been dilatory as expert reports are not yet due. Consequently, it would be unjust to grant NatureWise summary

judgment on Vitamins Online's Lanham Act claims without first affording Vitamins Online the time to conduct expert discovery allotted it under the Court's Amended Scheduling Order.

### III. CONCLUSION

Vitamins Online is currently pursuing expert evidence that will rebut NatureWise's grounds for summary judgment argued in Defendant's SJ Motion. Vitamins Online has proceeded to obtain this expert evidence in accordance with the schedule set for this case, and thus cannot be said to have been dilatory in obtaining it. In view of the foregoing as supported by the Nydegger Declaration, the Court should deny Defendant's SJ Motion and grant Vitamins Online time to complete its expert discovery in accordance with the active Amended Scheduling Order in order to properly oppose Defendant's SJ Motion.

DATED this 4th day of August, 2015.

WORKMAN NYDEGGER

By /s/*Chad E. Nydegger*
      CHAD E. NYDEGGER

Attorney for Vitamins Online, Inc.