IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **VITAMINS ONLINE, INC**, a Delaware corporation,<br><br> Plaintiff/Counterclaim Defendant,<br>v.<br><br>**HEARTWISE, INC.**, an Oregon corporation d/b/a NATUREWISE,<br><br> Defendant/Counterclaim Plaintiff.<br><br>**HEARTWISE, INC.**, an Oregon corporation d/b/a NATUREWISE,<br><br> Third-Party Plaintiff,<br>v.<br><br>**NUTRIGOLD, INC.**, a Delaware corporation, **NURTIGOLD, INC.**, an expired Utah corporation d/b/a BUYHERBS, and **OSMAN KHAN**, an individual,<br><br> Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER PERTAINING TO DOCKET NOS. 68 & 69 AND OTHER MISCELLANEOUS MATTERS**<br><br>Case No. 2:13CV982 DAK |

This matter is before the court on Plaintiff Vitamins Online Inc.'s Motion to Strike Defendant Heartwise, Inc.'s (1) Motion to Strike; and (2) Portions of Cross-Motion for Summary

Judgment.[1] In conjunction with that motion, Vitamins Online also filed an *Ex Parte* Motion to Expedite.[2] In this Order, the court also sets deadlines for responding to Heartwise's Motion to Strike; addresses the requirement that Heartwise file public, redacted versions of its sealed memoranda; and clarifies which motions are currently referred to Magistrate Judge Warner and which motions will be heard at the oral argument scheduled for January 27, 2016.

I.    **Vitamin Online's Motion to Strike Heartwise's Motion to Strike and Portions of Heartwise's Cross-Motion for Summary Judgment**

Vitamins Online seeks to strike Heartwise's Motion to Strike and Portions of Heartwise's Cross-Motion for Summary Judgment. The court declines to grant the motion. While Vitamins Online is correct that Heartwise failed to comply with the local rules of practice in filing either of these two documents, neither error has caused any prejudice to Vitamins Online, and there is nothing to be gained at this point by having Heartwise refile either document.

First, with regard to Heartwise's Motion to Strike pertaining to certain exhibits attached to the Declaration of Chad E. Nydegger, the local rules of practice state that a motion to strike is not the appropriate vehicle for making evidentiary objections.[3] Nevertheless, the court will

---

[1] Docket No. 68. Vitamins Online refers to Heartwise's motion as a "Cross-Motion for Summary Judgment," but Heartwise calls it a Counter-Motion. Both references pertain to the motion filed at Docket No. 74.

[2] Docket No. 69.

[3] The relevant local rule provides: "Motions to strike evidence as inadmissible are no longer appropriate and should not be filed. The proper procedure is to make an objection. *See* Fed. R. Civ. P. 56(c)(2)." *See* DUCivR 7-1(b)(1)(B). The reason that motions to strike are not appropriate is that "there is no provision in the Federal Rules of Civil Procedure for motions to

construe the Motion to Strike as an Objection to the exhibits at issue in the motion. Vitamins Online may file a response to the Objection by December 30, 2015, and Heartwise may file a reply by January 8, 2016.

In addition, the local rules also instruct that motions are not to be included in a response memorandum, yet Heartwise included a "Counter-Motion for Summary Judgment" in its Memorandum in Opposition. *See* 7-1(b)(1)(A). Heartwise, however, filed the document twice, once as an Opposition Memorandum and once as a Counter-Motion for Summary Judgment,[4] which complies with the spirit–if not the precise wording–of the local rule. Therefore, it is therefore unnecessary to require Heartwise to refile its motion.

On a separate issue, the court notes that with one exception, Heartwise has not complied with DUCivR 5-2(e)(1), the local rule pertaining to the procedure for filing sealed memoranda. Heartwise must file public, redacted versions of all its sealed filings. Heartwise has filed a redaction to its Reply Memorandum in Support of its Counter Motion for Summary Judgment, but it has not done so for any other sealed filing. Heartwise is directed to file

---

strike motions and memoranda; only motions to strike unsigned papers under Rule 11, third-party claims under Rule 14(a), and certain matters in pleadings under Rule 12(f) are contemplated by the Federal Rules of Civil Procedure. Motions and memoranda are not included within the definition of 'pleading' under F.R.C.P. 7(a)." *Searcy v. Social Sec. Admin.*, 956 F.2d 278 (Table), 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992) (unpublished order quoting 2A Moore's Federal Practice ¶ 12.21 at 12–164 (Matthew Bender, 2d ed. 1991)). Thus, for the same reason that Heartwise's Motion to Strike is not appropriate, neither is Vitamin Online's Motion to Strike. But in an effort to streamline this litigation and address the substantive issues, the court has considered each party's motion to strike.

[4] *See* Docket Nos. 73 & 74.

redacted versions of all its sealed documents by January 15, 2016.

Additionally, the court directs Heartwise to provide a courtesy copy to chambers of Docket No. 73 (which is the same as Docket No. 74), with tabbed exhibits.

At the hearing set for 3:00 P.M. on January 27, 2016, the court will hear oral argument on the following dispositive motions:  Docket No. 52 (Vitamin Online's Sealed Motion for Partial Summary Judgment of Willful False Advertising); Docket No. 74 (Heartwise's Sealed Counter Motion for Summary Judgment to Dismiss Plaintiff's Lanham Act Claim); and Docket No. 100 (Vitamin Online's Conditional Motion to Conduct Discovery Pursuant to FRCP 56(d)). The court will also hear very brief arguments on Docket No. 66 (Heartwise's Motion to Strike).

Pursuant to the court's Order of Reference pursuant to 28 U.S.C. § 636(b)91)(A), Magistrate Judge Warner will decide the following motions:  Docket No. 55 (Vitamin Online's Motion to Compel); Docket No. 76 (Heartwise's Motion for Leave to Depose Non-Party Richard Meirowitz); and Docket No. 97 (Vitamin Online's Motion for Sanctions for Spoliation of Evidence).

At this juncture, only the parties know whether the resolution of any of these discovery motions will impact the resolution of the pending motions for summary judgment.  If judicial economy would be conserved by delaying the January 27, 2016 oral argument on the summary judgment motions until after the discovery motions have been decided, the parties shall so notify the court as soon as possible.  Unless the court is notified otherwise by December 30, 2015, the January 27, 2016 hearing on the dispositive motions will proceed as scheduled.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Vitamins Online Inc.'s ("Plaintiff") Motion to Strike Defendant Heartwise, Inc.'s (1) Motion to Strike; and (2) Portions of Cross-Motion for Summary Judgment [Docket No. 68] is DENIED.   Vitamin Online's Motion to Expedite [Docket No. 69] is DENIED as moot.   Deadlines for responding to Heartwise's Motion to Strike [Docket No. 66] are set forth above.   Heartwise is directed to file redacted, public versions of any memorandum that has been filed under seal and to provide a courtesy copy to chambers of Docket No. 73 (which is the same as Docket No. 74).   The court has clarified which motions will be heard on January 27, 2016 and which motions will be decided by Magistrate Judge Warner.

DATED this 21st day of December, 2015.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge