IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **VITAMINS ONLINE, INC.,** | |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| **HEARTWISE, INC.,** | Case No. 2:13-CV-982-DAK |
| Defendant. | |

This matter is before the court on the Plaintiff Vitamins Online, Inc.'s Motion for Partial Summary Judgment, Defendant Heartwise, Inc.'s Motion to Strike Affidavit/Declaration in Support of Motion, Defendant HeartWise, Inc.'s Counter-Motion for Summary Judgment, and Plaintiff Vitamins Online's Motion to Conduct Discovery Pursuant to Federal Rule of Civil Procedure 56(d). A hearing on the matter was held on January 27, 2016. At the hearing, Vitamins Online was represented by Chad Nydegger. HeartWise was represented by Brian Johnson, William B. Ingram, and Alan R. Houston. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the matter. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Vitamins Online, Inc. ("Vitamins Online") is a Utah-based company that manufactures and sells a variety of dietary supplements online, including on Amazon.com, under the brand name NutriGold. Osman Khan is the Chief Financial Officer ("CFO") of Vitamins Online. Defendant HeartWise, Inc. d/b/a NatureWise ("NatureWise") also sells dietary supplements, including on Amazon.com. DavidPaul Doyle is NatureWise's Chief Executive

Officer ("CEO"). For purposes of this suit, Vitamins Online and NatureWise sell two competing dietary supplements: one containing garcinia cambogia and one containing green coffee.

Vitamins Online began selling its NutriGold Garcinia Cambogia and NutriGold Green Coffee products on Amazon.com before 2010. Before 2010, there was little demand and competition on Amazon.com for these products because they were not well known to consumers.

On September 10, 2011, Dr. Mehmet Oz, the famous television personality known as "Dr. Oz," showcased dietary supplements containing green coffee extract for weight loss purposes on his television show, "The Dr. Oz Show." During his show, Dr. Oz recommended that consumers look for dietary supplements containing green coffee extract with at least 45% chlorogenic acid and without any binders, fillers, or other artificial ingredients. After Dr. Oz's show, the demand for dietary supplements containing green coffee extract, and particularly those products that met Dr. Oz's recommendations, exploded. Specifically, Vitamins Online's sales of NutriGold Green Coffee on Amazon.com increased significantly because NutriGold Green Coffee was already on the market and fortuitously met all of Dr. Oz's recommendations.

In 2012, Dr. Oz featured dietary supplements containing garcinia cambogia extract for weight loss purposes on "The Dr. Oz Show." Dr. Oz advised listeners to look for garcinia cambogia dietary supplements with at least 60% Hydroxycitric Acid ("HCA") that was bound to potassium and calcium. Demand for garcinia cambogia products exploded after Dr. Oz's show, and, specifically, Vitamins Online's sales of NutriGold Garcinia Cambogia on Amazon.com increased significantly because the NutriGold Garcinia Cambogia was already on Amazon.com and satisfied the criteria identified by Dr. Oz.

The increased demand for dietary supplements containing green coffee and garcinia cambogia extracts following Dr. Oz's television shows attracted others, including NatureWise, to

2

begin offering competing products. NatureWise advertised its products as having the qualities and characteristics that Dr. Oz recommended.

After entering the green coffee and garcinia cambogia markets on Amazon.com, NatureWise began a practice of having its employees vote on the helpfulness of reviews on its product pages. Amazon.com lists the reviews on its product pages using a formula that takes into account the helpfulness of the review based on the voting. By having its employees vote that positive reviews were helpful and negative reviews were unhelpful, NatureWise increased the likelihood that potential customers would see positive reviews of its products first and negative reviews last. NatureWise also encouraged customers to repost their positive reviews on Amazon.com by offering them free products or gifts cards. NatureWise would review and, in some cases, edit the reviews before asking the customers to post them on Amazon.com.

On October 28, 2013, Vitamins Online filed a Complaint against NatureWise and DavidPaul Doyle in this Court claiming unfair competition under the Lanham Act and the common law for false advertising. The Complaint included a demand for a jury trial. David Paul Doyle was later dismissed from the case. The Answer from NatureWise included a counterclaim against Vitamins Online and a Third-Party Complaint against NutriGold and Osman Khan. The Court held a hearing on and denied NatureWise's Motion for Judgment on the Pleadings because Vitamins Online's Complaint stated sufficient facts to make a plausible claim for unfair competition. After that denial, Vitamins Online filed a Motion for Partial Summary Judgment. NatureWise responded with a Motion to Strike Affidavit/Declaration related to Vitamins Online's motion and a Counter-Motion for Summary Judgment. Vitamins Online then filed a Motion to Conduct Discovery Pursuant to Federal Rule of Civil Procedure 56(d).

## DISCUSSION

Because the motions for summary judgment are dependent on the evidence that the court determines it should consider, the court will first address NatureWise's Motion to Strike Affidavit/Declaration related to Vitamins Online's Motion for Partial Summary Judgment. The court will then address the summary judgment motions together. Finally, the court will address Vitamins Online's Motion to Conduct Discovery Pursuant to Federal Rule of Civil Procedure 56(d) because it is conditional on the Court's decision to the summary judgment motions.

## MOTION TO STRIKE

As an initial matter, the Rules of Practice for the United States District Court for the District of Utah expressly prohibit the filing of a motion to strike evidence as inadmissible in a response or reply to a motion. *See* DUCivR 7-1(b)(1)(B). But, in a previous order issued by the court in this case, the court determined that, because it did not cause any prejudice to Vitamins Online, the court would construe the Motion to Strike as an objection to the exhibits at issue, *see* Mem. Decision and Order 2-3, ECF No. 134, which would have been the appropriate way for NatureWise to raise its arguments, *see* DUCivR 7-1(b)(1)(B).

When determining whether evidence should be considered to decide a motion for summary judgment, the general rule is that evidence submitted at the summary judgment stage may be in a "form of evidence that is usually inadmissible at trial" so long as "the content or substance of the evidence [is] admissible." *Johnson v. Weld County*, 594 F.3d 1202, 1210 (10th Cir. 2010). *See also* Fed. R. Civ. Proc. 56(c)(2) ("A party may object that the material cited to support or dispute a fact *cannot be presented in a form that would be admissible at trial*." (emphasis added)). But this general rule does not give the court "a license to relax the content or substance of the Federal Rules of Evidence when viewing" summary judgment evidence. *Id.* For

example, the court should not consider hearsay evidence on summary judgment, *see id.*, and the court should only consider evidence that has been properly authenticated, *see Law Co. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009).

NatureWise argues that the majority of Vitamins Online's Exhibits and corresponding purported "Undisputed Material Facts" should be stricken because they are unsupported by admissible evidence. Specifically, NatureWise argues that, except for discovery responses, correspondence between counsel for the parties, and deposition transcripts, the court should strike all of Vitamins Online's Exhibits, including product labels and packaging, third-party test results, emails, marketing materials, product websites, and a clinical study.

NatureWise objects to the consideration of the Exhibits it has identified for three reasons: (1) the Exhibits are inadmissible hearsay pursuant to Federal Rule of Evidence 802, (2) the Exhibits lack foundation pursuant to Federal Rule of Evidence 901, and (3) the third-party test results and the clinical study are inadmissible as unsubstantiated expert testimony under Federal Rule of Evidence 702. Each of the Exhibits offered by Vitamins Online was produced by NatureWise in the course of discovery. Vitamins Online offered each of the Exhibits by attaching the Exhibits to its attorney's declaration stating that each Exhibit was a true and correct copy of what had been produced by NatureWise in the course of discovery. Essentially, NatureWise is arguing that, because Vitamins Online offered the Exhibits into evidence without personally asserting any of the statements and without personal knowledge of any of the statements, the statements cannot be considered on a motion for summary judgment because they are hearsay and lack foundation.

NatureWise's arguments incorrectly apply the principles of the Federal Rules of Evidence. By offering true and correct copies of documents produced by NatureWise during

5

discovery, Vitamins Online is stating that it has personal knowledge that the documents being offered are true and correct copies. Vitamins Online "is not attesting to the facts contained within the attached documents." *OFI Intern., Inc. v. Port Newark Refrigerated Warehouse*, 2015 WL 140134, at *3 (D.NJ 2015) (citations omitted). Because NatureWise produced the documents at issue during discovery, some courts would consider them to be "self-authenticating" and to "constitute the admissions of a party opponent." *Anand v. BP W. Coast Prods. LLC*, 484 F. Supp 2d 1086, 1092 n.11 (C.D. Cal. 2007). Other courts have even pointed out to litigants like NatureWise that "it is disingenuous and wasteful to object to one's own documents based upon personal knowledge or authentication." *OFI Intern.,* 2015 WL 140134, at *3.

In this case, the court does not need to go as far as stating that all of the documents are self-authenticating and admissions of a party opponent to show that they are admissible. The product labels, product packaging, emails from customers, marketing materials, and the clinical study are not hearsay because Vitamins Online is not offering them in evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Instead, Vitamins Online is offering the documents into evidence to show that NatureWise made certain claims about its products in commerce, the state of mind of customers or potential customers, and the fact that a clinical study was performed. The third-party tests and the emails from NatureWise employees also do not qualify as hearsay because they were "made by [NatureWise] in an individual or representative capacity," "made by a person whom [NatureWise] authorized to make a statement on the subject," or "made by [NatureWise's] agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(A), (C), and (D). Even if NatureWise did not authorize the labs to perform the third-party tests, as it did in this case, several courts have clarified that "raw data generated" by a machine is not hearsay because a

hearsay statement requires a person as a declarant. *U.S. v. Washington*, 498 F.3d 225, 231 (4th Cir. 2007) ("Accordingly, 'nothing 'said' by a machine . . . is hearsay'" (citing 4 Mueller & Kirkpatrick, *Federal Evidence*, § 380, at 65 (2d ed. 1994)). *See also United States v. Hamilton*, 413 F.3d 1138, 1142-43 (10th Cir. 2005) (determining that header information on pornographic images retrieved from the Internet was not hearsay because the header information was generated by a computer). Although the processes used to generate the raw data can be challenged, those challenges go to the weight of the evidence and not its admissibility.

Each of the documents offered into evidence by Vitamins Online were also sufficiently authenticated. NatureWise argues that Vitamins Online does not have personal knowledge that the Exhibits are what they claim to be and has not produced a declaration, affidavit, or deposition testimony from anyone with personal knowledge. Again, NatureWise does not correctly apply the standard required by the Federal Rules of Evidence. Courts in the Tenth Circuit "do not require an affidavit to authenticate every document submitted for consideration at summary judgment." *Law Co.*, 577 F.3d at 1170. In determining whether a document has been properly authenticated at the summary judgment stage, "Rule 56(c) and the Federal Rules of Evidence control." *Id.* Under Rule 56(c), affidavits are one of many forms of evidence that can support a factual position. Other forms include "depositions, documents, electronically stored information, . . . stipulations . . . , admissions, interrogatory answers, or other materials." Fed R. Civ. P. 56(c)(1)(A). Under Federal Rule of Evidence 901, evidence satisfying the authentication requirement can include "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4).

In this case, most of the documents at issue can be sufficiently authenticated with circumstantial evidence such as email addresses in headers, company logos and other trademarks on the documents, company letterhead and signatures on lab reports, and publication information on the clinical study. Even without sufficient circumstantial evidence, much of the evidence can be authenticated at trial through DavidPaul Doyle because, as a Rule 30(b)(6) witness, he is required to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). His lack of personal knowledge about specific emails or third-party tests does not prevent him from being able to authenticate those documents on behalf of NatureWise.

Finally, NatureWise objects that the third-party tests and the clinical study offered by Vitamins Online are inadmissible as unsubstantiated expert testimony. Federal Rule of Evidence 702 places restrictions on the admissibility and content of the testimony of any "witness who is qualified as an expert by knowledge, skill, experience, training, or education." One of the restrictions is that the expert may only testify if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." *Id.* 702(a). NatureWise argues that, because scientific, technical, or other specialized knowledge was required to perform the third-party tests and the clinical study, the documents constitute expert testimony and are subject to the restrictions in Federal Rule of Evidence 702.

First, because the clinical study is being offered simply to show that a clinical study was performed and not to discuss the results or conclusions of the study, the court concludes that the clinical study as offered in this case is not expert testimony and is not subject to the restrictions of Federal Rule of Evidence 702. Second, the third-party tests do not constitute the testimony of a witness. The court agrees with the Fourth Circuit and "reject[s] the characterization of the raw data generated by the lab's machines as statements *of the lab technicians* who operated the

machines. The raw data generated by the diagnostic machines are the 'statements' *of the machines* themselves, not their operators." *Washington*, 498 F.3d at 230. Because the third-party tests do not constitute the testimony of a witness, the court concludes that they also are not subject to the restrictions of Federal Rule of Evidence 702.

Therefore, the court rejects each of the objections that NatureWise brought against the evidence offered by Vitamins Online, and the court will consider all of the evidence to determine the issues raised in the summary judgment motions.

## MOTIONS FOR SUMMARY JUDGMENT

"Summary judgment is appropriate if the pleadings, depositions, other discovery materials, and affidavits demonstrate the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "An issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.*

The initial burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has met its initial burden of demonstrating the absence of a genuine issue of material fact, "the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial." *Sally Beauty Co.*, 304 F.3d at 971 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must "construe the evidence and the reasonable inferences drawn therefrom in the light most favorable to the nonmovant," *id.* at 972 (citing *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1089 (10th Cir. 1999)), but conclusory statements and attorney arguments submitted by the

nonmoving party do not create a genuine issue of material fact, *see Adler v. Wal-mart Stores, Inc.*, 144 F.3d 664, 671-72 (10th Cir. 1998).

In its Motion for Partial Summary Judgment, Vitamins Online argues that the undisputed material facts show that, as a matter of law, NatureWise has falsely advertised about the ingredients and effectiveness of its products as defined by the Lanham Act and that Vitamins Online is entitled to an injunction. NatureWise filed a Counter-Motion for Summary Judgment arguing that Vitamins Online failed to demonstrate that the representations were material, that they caused actual injury to Vitamins Online, and that Vitamins Online is entitled to an injunction. NatureWise further moves for summary judgment on Vitamins Online's claims that NatureWise manipulated Amazon.com's customer review system under the argument that Vitamins Online did not demonstrate that NatureWise's conduct amounted to either literally false or impliedly false representations.

The court will divide the analysis of the motions for summary judgment into the arguments related to the Lanham Act claims and the arguments related to the injunction.

    a.  **Lanham Act Claims**

The Lanham Act provides a private cause of action to "any person who believes that he or she is or is likely to be damaged" by, among other things, "a false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities . . . of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1) (2012). Courts have interpreted that statute as requiring a plaintiff to provide evidence of at least four elements in order to survive a motion for summary judgment under this section of the Lanham Act:

> "(1) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are . . . likely to cause confusion or mistake as to . . . the characteristics of the goods or services; and (4) injure the plaintiff."

*Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999) (citations omitted). *See also Sally Beauty Co.*, 304 F.3d at 980. Some courts list materiality as an additional element of a Lanham Act claim, *see Novell, Inc. v. Network Trade Center, Inc.*, 25 F. Supp. 2d 1218, 1227-28 (D. Utah 1997) (listing as an additional element that "the deception is material in that it is likely to influence purchasing decisions"), but the Tenth Circuit has not yet decided "whether the Lanham Act imposes a materiality inquiry," *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 14-1119, 2015 WL 4591924, at *3 (10th Cir. July 31, 2015). In this case, the court does not need to determine whether materiality is an additional element in a Lanham Act claim because the court can resolve the summary judgment motions on other elements of the claims.

NatureWise does not dispute that its representations were made in commerce or that, if the representation were false, that they were likely to cause confusion. Therefore, the court will focus on the first and fourth elements of the Lanham Act claims.

    **i.    False or Misleading Representations of Fact**

To meet the first element of a Lanham Act claim, the plaintiff can either show that the representations are literally false or impliedly false. A representation is literally false when it states that a product "has certain qualities that it in fact does not actually have" and is impliedly false when the "statements . . . , while literally true or ambiguous, convey a false impression or are misleading in context, as demonstrated by actual consumer confusion." *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 13-14 (7th Cir. 1992). *See also Vincent v. Utah Plastic*

*Surgery Soc.*, 621 Fed. Appx. 546, 550 (10th Cir. 2015) ("To prevail on their implied falsity claims, however, Plaintiffs must show 'actual consumer deception.'").

Vitamins Online argues that NatureWise made several literally false representations regarding the ingredients and effectiveness of its products ("Ingredients Claims.") Because the court concludes below that genuine issues of material fact exist as to whether the Ingredients Claims caused injury to Vitamins Online, the court does not analyze whether the Ingredients Claims are literally false.

In addition to the Ingredients Claims, Vitamins Online also alleges that NatureWise made impliedly false representations by manipulating the ranking and number of positive reviews on NatureWise's product pages on Amazon.com ("Amazon Review Claims"). Specifically, Vitamins Online references NatureWise's practices of having its employees vote on the helpfulness of product reviews and of offering free products or gift cards to customers if they reposted favorable reviews on Amazon.com. NatureWise argues that the Amazon Review Claims should be dismissed because they do not meet the first element of a Lanham Act claim of being either literally or impliedly false. NatureWise argues that Vitamins Online has not shown that the votes or the reviews themselves are counter to the actual user experience, so they are not literally false. NatureWise also argues that Vitamins Online has not shown that they are impliedly false because Vitamins Online has not offered evidence of any actual consumer deception. Vitamins Online argues that the Lanham Act is broad enough to cover new deceptive practices, like these, that have and will arise in e-commerce.

The court first notes that Vitamins Online is not arguing that the Amazon Review representations were literally false. More specifically, Vitamins Online is not arguing that NatureWise employees were voting as helpful reviews that were in reality unhelpful or that the

reposts from consumers were counter to their actual experience with the NatureWise products. Instead, Vitamins Online is arguing that the voting and the rewarding are giving a false impression that many unbiased consumers find positive reviews to be helpful and negative reviews to be unhelpful and that a high number of unbiased consumers chose to post positive reviews on Amazon.com without any anticipation of reward.

The court agrees with Vitamins Online that the Lanham Act is broad enough to cover a wide range of deceptive practices, potentially including voting on and incentivizing online reviews, and that the conduct of NatureWise may qualify as representations that convey a false impression or are misleading in context. However, Vitamins Online has not yet shown the actual consumer deception required to succeed on a claim for impliedly false advertising. Vitamins Online believes that it will be able to obtain this evidence through consumer surveys conducted and analyzed by expert witnesses and has moved the court pursuant to Federal Rule of Civil Procedure 56(d) for additional time to conduct this discovery. Because the court has decided to grant Vitamins Online's 56(d) motion, the court denies the Amazon Review portion of NatureWise's Counter-Motion for Summary Judgment without prejudice.

    **ii.**    **Injury**

In order to succeed on a Lanham Act claim, a plaintiff must also show that the false or misleading statements caused the plaintiff injury. The standard for determining whether a plaintiff has provided sufficient evidence of injury is dependent on the relief that the plaintiff is seeking. *See Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1335 (8th Cir. 1997) ("[C]ases involving injunctive relief and those seeking monetary damages under the Lanham Act have different standards of proof."). When a plaintiff is seeking injunctive relief, the "plaintiff does not need to establish actual damages, and is instead held to a lesser standard of proving that it is

likely that the defendant's advertising has caused or will cause plaintiff injury." *Berken v. Jude*, No. 12-CV-02555-RPM, 2013 WL 6152347, at *2 (D. Colo. Nov. 22, 2013). In other words, when the plaintiff is seeking an injunction, "[t]he statute demands only proof providing a reasonable basis for the belief that the plaintiff is likely to be damaged as a result of the false advertising" and not "proof of actual loss and specific evidence of causation." *Johnson & Johnson v. Carter-Wallace, Inc.*, 631 F.2d 186, 190 (2d Cir. 1980). In contrast, a "heightened level of . . . proof of causation and specific injury" is required when the plaintiff is seeking money damages, *Porous Media Corp.*, 110 F.3d at 1335-36, in order to "prevent the plaintiffs from receiving a windfall unrelated to their own damages," *Berken*, 2013 WL 6152347, at *2.

In cases involving comparative advertising, advertising that makes reference to or comparison with a competitor's products and in cases involving a "two-player market," most courts apply a presumption of likely injury on a Lanham Act claim for purposes of injunctive relief. *See, e.g., Porous Media Corp.*, 110 F.3d at 1334 ("[When] the defendant made false statements about its own product with no reference to another's product . . . the court required specific proof of causation and damage. This is in contract to a case of comparative advertising."); *McNeilab, Inc. v. American Home Products Corp.*, 848 F.2d 34, 38 (2d Cir. 1988) ("A misleading comparison to a specific competing product necessarily diminishes that product's value in the minds of the consumer."); *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 262 (2d Cir. 2014) ("In a false advertising case such as this one, where the parties are direct competitors in a two-player market, and where literal falsity and willful, deliberate deception have been proved, the presumptions of injury and consumer confusion may be used for the purposes of awarding both injunctive relief *and* monetary damages to a successful plaintiff). In one case, the Tenth Circuit has even suggested that the presumption of likely injury may extend beyond

comparative advertising cases to cases involving an "obvious competitor," but that statement was not a necessary part of the resolution or determination of that case. *Hutchinson v. Pfeil*, 211 F.3d 515, 522 (10th Cir. 2000). Since *Hutchinson*, one court concluded that the plaintiff was entitled to the presumption for obvious competitors, but the court still required the plaintiff "to support that presumption with . . . evidence of injury." *Berken*, 2013 WL 6152347, at *3.

Vitamins Online argues that, as an obvious competitor to NatureWise, Vitamins Online is entitled to the presumption of likely injury for obvious competitors. To show that they are obvious competitors, Vitamins Online provides evidence that both parties offered the same products for sale on Amazon.com, that NatureWise's false representations mirror Vitamins Online's true representations, and that NatureWise has instructed its graphic designer to create an advertisement for NatureWise that is similar to Vitamins Online's Amazon.com product page. Vitamins Online also offers evidence of injury in the form of declining sales corresponding to NatureWise's increasing sales and a drop in Vitamins Online's ranking on Amazon.com.

NatureWise argues that Vitamins Online has not shown that NatureWise's false claims were at least impliedly directed at Vitamins Online to make them obvious competitors. NatureWise also argues that Vitamins Online has not shown a logical causal connection between the false representations and Vitamins Online's sales position because Vitamins Online's declining sales could be due to truthful advertising by NatureWise, the numerous other competitors in the nutritional supplement market, or poor business strategies by Vitamins Online.

The presumption of injury for obvious competitors on a Lanham Act claim has, at best, a thin legal foundation. Because this case does not involve comparative advertising and because Vitamins Online and NatureWise are not in a two-player market, the court declines to apply a presumption of injury on the Lanham Act claim in this case. But the court does consider

evidence that Vitamins Online and NatureWise are competitors to be relevant to the analysis of whether NatureWise's false representations injured Vitamins Online.

Without the presumption of injury, the court concludes that genuine issues of material fact exist as to whether NatureWise's false representations injured Vitamins Online. Vitamins Online does offer some evidence of causation and injury. For example, Vitamins Online does show that its products compete with NatureWise's products in a relevant market. Because the products compete on Amazon.com, a logical causal connection exists between NatureWise's false representations and Vitamins Online's sales position. Each consumer that purchases a NatureWise product due to NatureWise's false representations results in one less consumer in the relevant market willing to purchase a competing Vitamins Online product. Vitamins Online has also offered evidence that its decline in sales corresponds in time to an increase in NatureWise's sales for competing products.

Although Vitamins Online has offered some evidence of injury that may have been caused by NatureWise's false representations, the evidence is not sufficient to demonstrate that Vitamins Online is entitled to judgment as a matter of law. Vitamins Online needs more than a logical causal connection between NatureWise's false representations and Vitamins Online's sales position. For example, Vitamins Online could have provided additional evidence through consumer testimony or consumer surveys to strengthen the causal connection between the representations and the lost sales. With nothing more than logic to connect the false representations with the decline in sales, the court concludes that judgment as a matter of law is improper.

Despite not offering enough evidence to demonstrate that it is entitled to summary judgment as a matter of law, Vitamins Online did offer enough evidence to show that there is a

genuine issue for trial. NatureWise argues that the loss of sales could be caused by other factors such as truthful advertising by NatureWise, other competitors in the market, or poor business practices by Vitamins Online. But arguing that the cause of the decline in sales is not known supports the conclusion that a genuine issue of material fact exists for trial and not the conclusion that NatureWise is entitled to judgment as a matter of law.

### b. Injunctive Relief

Under the Lanham Act, a court has the power to grant an injunction "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a) (2012). In order to qualify for injunctive relief, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Because the court concludes that genuine issues of material fact exist as to whether Vitamins Online has suffered irreparable injury, the court will only address that element of the injunctive relief analysis.

Some courts have recognized a presumption of irreparable injury for purposes of injunctive relief under the Lanham Act. The presumption of irreparable injury typically arises in cases involving literally false representations and comparative advertising. *See, i.e., McNeilab, Inc.*, 848 F.2d at 38 ("This case, by contrast, presents a false comparative advertising claim. . . . In that context, we recently confirmed that irreparable harm will be presumed."). In dicta, the Tenth Circuit implied that this presumption might also extend to cases involving "an obvious competitor." *Hutchinson*, 211 F.3d at 522. However, in *eBay, Inc. v. MercExchange, LLC*, the

United States Supreme Court discouraged the use of a "categorical rule" to "replace traditional equitable considerations" when determining whether to issue an injunction. 547 U.S. at 392-93. Since *eBay*, several courts have determined that "relying on presumptions of irreparable harm for injunctive relief is not appropriate." *Leatherman Tool Grp., Inc. v. Coast Cutlery Co.*, 823 F. Supp. 2d 1150, 1157-58 (D. Or. 2011).

Even if it is not entitled to the presumption, Vitamins Online argues that it has suffered irreparable harm because its sales and ranking position on Amazon.com have plummeted as a result of NatureWise's false advertising. NatureWise argues that the claims constitute non-comparative advertising and, therefore, Vitamins Online cannot claim a presumption of causation and injury. NatureWise further argues that Vitamins Online has not shown that the allegedly false statements caused injury because it has not accounted for purchasing decisions for reasons other than the allegedly false advertising.

The court declines to apply a presumption of irreparable injury to obvious competitors for purposes of injunctive relief under the Lanham Act. After *eBay*, the validity of any presumption of irreparable injury for purposes of an injunction is questionable, and, in particular, the presumption for obvious competitors is problematic because of the small amount of legal support for it. Without applying the presumption, the court concludes that Vitamins Online has not presented enough evidence of irreparable harm to show that it is entitled to judgment as a matter of law, but it has presented enough to show that a material issue of genuine fact exists for trial.

## MOTION TO CONDUCT DISCOVERY PURSUANT TO RULE 56(d)

Federal Rule of Civil Procedure 56(d) gives a court the discretion to allow a party time to take discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." In order to obtain relief under Rule 56(d),

a non-movant to a motion for summary judgment must identify "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (citations omitted). "Unless dilatory or lacking in merit, the motion should be liberally treated." *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citations omitted).

Vitamins Online argues that expert consumer surveys, which, pursuant to the court's amended scheduling order, were not yet due at the time the motions at issue were filed, would provide evidence that NatureWise's conduct related to the Amazon Review Claims conveyed a false and misleading message to consumers. Vitamins Online argues that this evidence would demonstrate the existence of a genuine issue of material fact that could then be used to rebut NatureWise's argument that its manipulation of the Amazon product review system does not constitute a false or deceptive statement actionable under the Lanham Act. At the time of the filing of the motions at issue, Vitamins Online had already retained survey and analysis experts and conducted one consumer survey, but the analysis of the survey had not yet taken place. Additional time would allow Vitamins Online to complete the analysis of the initial consumer survey and obtain other consumer surveys as needed.

The court concludes that Vitamins Online has met its burden of showing that it should be allowed additional time to conduct discovery pursuant to Rule 56(d). Expert reports are a common and recommended way to show actual consumer deception and injury under the Lanham Act. Vitamins Online has been taking steps to obtain that evidence according to the court's schedule. If Vitamins Online is allowed to complete expert discovery, Vitamins Online

will be able to demonstrate whether consumers were actually deceived by NatureWise's actions, which may allow it to rebut NatureWise's Counter-Motion for Summary Judgment on the Amazon Review Claims.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that NatureWise's Motion to Strike [Docket No. 66] is DENIED; Vitamins Online's Partial Motion for Summary Judgment [Docket No. 52] is DENIED; NatureWise's Counter-Motion for Summary Judgment [Docket No. 74] is DENIED, but is denied without prejudice regarding the Amazon Review Claims; and Vitamins Online's Motion to Conduct Discovery Pursuant to Rule 56(d) [Docket No. 100] is GRANTED.

DATED this 9th day of February, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge