IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **VITAMINS ONLINE, INC.**, a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br>vs.<br><br>**HEARTWISE, INC.**, an Oregon corporation d/b/a **NATUREWISE**,<br><br>Defendant/Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:13-CV-982-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on the Defendant Heartwise, Inc. d/b/a NatureWise's ("NatureWise's") Rule 72 Objection[1] to two orders issued by Magistrate Judge Paul M. Warner. The objection has been fully briefed. The court concludes that a hearing would not significantly aid its determination of the motion. Accordingly, the court issues the following Memorandum Decision and Order based on the written submissions of the parties and the law and facts relevant to the pending motion.

## BACKGROUND

On October 30, 2013, Plaintiff Vitamins Online, Inc. ("Vitamins Online") filed a Complaint alleging that NatureWise was engaging in unfair competition and false and misleading advertising regarding NatureWise's Garcinia Cambogia and green coffee dietary supplements. Specifically, Vitamins Online alleges that NatureWise falsely advertised that its dietary supplements had ingredients and characteristics that they, in fact, did not have.

---

[1] Although Defendant filed the objection as both a Rule 72 Objection and a Rule 60(b)(1) Motion, Rule 72 applies to Magistrate Judge Orders while Rule 60(b)(1) applies to orders directly from the District Judge. Therefore, the objection is most appropriately a Rule 72 Objection, and the court will construe it as such.

1

During discovery, Vitamins Online made multiple requests for samples of each lot of NatureWise's products at issue in this case to test the products to determine whether they contained the ingredients and had the characteristics claimed by NatureWise's advertisements. Through those requests, Vitamins Online learned that NatureWise did not have samples of numerous batches of products at issue in this case because, after the case was filed, NatureWise sent the remaining samples of those products to independent labs for testing. In response to this information, on August 4, 2015, Vitamins Online filed a Motion for Sanctions for Spoliation of Evidence alleging that NatureWise caused relevant samples of its products to be destroyed to prevent Vitamins Online from testing those products for compliance with NatureWise's assertions in its advertising.

On March 31, 2016, pursuant to a referral under 28 U.S.C. § 636(b)(1)(A), Magistrate Judge Paul M. Warner issued an order granting Vitamins Online's Motion for Sanctions for Spoliation of Evidence ("Judge Warner's First Order"). In his order, Judge Warner concluded that NatureWise failed to preserve evidence that it had a duty to preserve, that Vitamins Online was prejudiced by the lack of preservation of the evidence, and that NatureWise acted in bad faith by failing to preserve the evidence. As a sanction, Judge Warner determined that Vitamins Online is entitled to an adverse inference instruction that the labels of the products for which no samples remain for testing ("Category 1 Products") each bore all of the allegedly false ingredient claims and that the products failed to meet those label claims.

In terms of products for which only two bottles remain ("Category 2 Products") or for which NatureWise has three or four bottles but is only willing to produce up to one bottle for testing ("Category 3 Products"), Judge Warner ordered the parties to attempt to stipulate to a testing facility and methodologies for testing the remaining products. If the parties could not

stipulate to a facility and methodologies, Judge Warner ordered the parties to submit proposed testing methodologies and facilities to the court. Due to a failure to stipulate, the parties did submit proposed testing methodologies and facilities to the court. Upon receiving and reviewing the parties' proposals, Judge Warner issued an order on April 28, 2016, adopting Vitamins Online's proposed testing facility and methodologies ("Judge Warner's Second Order").

On May 6, 2016, NatureWise filed its Rule 72 Objection to Judge Warner's First Order and Judge Warner's Second Order. Specifically, NatureWise objects to the adverse inference as a sanction for spoliation of evidence and to the adoption of Vitamins Online's proposed testing facility and methodologies. Vitamins Online filed an opposition to NatureWise's objection, and NatureWise filed a reply.

## DISCUSSION

NatureWise objects to Judge Warner's order entitling Vitamins Online to an adverse inference against NatureWise as a sanction for spoliation of evidence and adopting Vitamins Online's proposed testing facility and methodologies. Vitamins Online argues that NatureWise's objection to the adverse inference is untimely and that all of NatureWise's objections fail on the merits. The court will first address the timeliness of NatureWise's objection to the adverse inference for spoliation of evidence, and then the court will address the merits of both of NatureWise's objections.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a district court is required to "consider timely objections [to a nondispositive order from a magistrate judge] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this

subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). Under Federal Rule of Civil Procedure 72(b) relating to dispositive motions, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b). The de-novo standard applies both to magistrate judge rulings on dispositive motions and to rulings from a magistrate that have "an identical effect" to a ruling on a dispositive motion. *See, e.g.*, *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) (clarifying that motions that are not dispositive on their face are "nevertheless to be treated as such a motion when they have an identical effect").

In this case, NatureWise argues that the court should apply the de-novo standard instead of the clearly erroneous or contrary-to-law standard to review Judge Warner's orders because Judge Warner's orders have an identical effect to a dispositive order. The court disagrees with NatureWise's argument. In order for Vitamins Online to succeed on its claims for false advertising under the Lanham Act, Vitamins Online must show that NatureWise (1) made a false or misleading representation of fact through commercial advertising or product promotion, (2) in commerce, (3) that was likely to cause confusion or mistake as to the characteristics of the goods or services, and (4) that injured Vitamins Online. *See* 15 U.S.C. § 1125(a)(1) (2012); *Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999) (citations omitted). Some courts also list materiality as an additional element of a Lanham Act claim, *see Novell, Inc. v. Network Trade Center, Inc.*, 25 F. Supp. 2d 1218, 1227-28 (D. Utah 1997) (listing as an additional element that "the deception is material in that it is likely to influence purchasing decisions"), but the Tenth Circuit has not yet decided "whether the Lanham Act imposes a materiality inquiry,"

*Gen. Steel Domestic Sales, LLC v. Chumley*, No. 14-1119, 2015 WL 4591924, at *3 (10th Cir. July 31, 2015).

The adverse inference ordered by Judge Warner only allows the jury to infer information regarding the first prong of Vitamins Online's Lanham Act claim: that NatureWise made a false or misleading representation of fact through commercial advertising. That adverse inference is not dispositive of Vitamins Online's claim for two major reasons. First, the adverse inference only deals with the first prong of a Lanham Act claim. In order to succeed on its claim, Vitamins Online must present evidence to establish that the representations were made in commerce, that they were likely to cause confusion or mistake, and that they injured Vitamins Online. Vitamins Online may also be required to prove that the representations were material. Second, the adverse inference only allows the jury to infer information in the absence of tangible evidence, but the adverse inference does not conclusively establish that the information inferred is true. If NatureWise is able to present evidence counter to the adverse inference, the jury can weigh all of the evidence to determine whether to give credit to the adverse inference or the evidence contrary to the inference.

Because the court concludes that Judge Warner's orders are not dispositive and do not have an effect identical to a dispositive order, the court will review NatureWise's objections using the clearly erroneous or contrary-to-law standard.

**TIMELINESS OF OBJECTIONS TO A MAGISTRATE JUDGE'S ORDER**

Federal Rule of Civil Procedure 72(a) requires that any objection to a magistrate judge's pretrial order "not dispositive of a party's claim or defense" be made "within 14 days after being served a copy. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.* NatureWise argues that the time to file an objection runs from the entry

5

of any order that supplements an original order. *See McMurtry v. Aetna Life Ins. Co.*, 2006 U.S. Dist. LEXIS 81138, at *3 n.1 (W.D. Okla. Nov. 3, 2006) (stating that the time to appeal an interlocutory order runs from the entry of a supplemental order approving certification); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (stating that "a party's failure to seek timely review [under Rule 72] does not strip a district court of its power to revisit the issue"). The Tenth Circuit "has adopted a firm waiver rule under which a party who fails to make a timely objection to a magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Judge Warner's First Order was issued in this case on March 31, 2016. In that order, Judge Warner concluded that Vitamins Online was entitled to an adverse inference regarding Category 1 Products. In the same order, Judge Warner also required each party to submit proposed testing methodologies and facilities to the court for the Category 2 Products and the Category 3 Products if the parties could not stipulate to a testing facility and methodologies for the remaining products. Judge Warner's Second Order adopted Vitamins Online's proposed testing facility and methodologies on April 28, 2016. NatureWise filed its objection to both orders on May 6, 2016. Because NatureWise's objection was filed more than 14 days after Judge Warner's First Order but less than 14 days after Judge Warner's Second Order, determining whether the objection was timely is dependent on which order the time period is calculated from.

To the extent that a Magistrate Judge's order resolves discrete issues independent of other orders, the time period for filing objections under Rule 72(a) is calculated from the order that independently resolves the discrete issue against which the objection is filed. *See S.E.C. v. McNaul*, 277 F.R.D. 439, 442 (D. Kan. 2011) ("However, the Magistrate's current Order is a

discrete order separate from its previous Order . . . . Thus, defendants may object to this Order within the parameters of Rule 72(a)."). In this case, Judge Warner's First Order resolved the discrete issue of the appropriate sanction for spoliation of evidence by entitling Vitamins Online to an adverse inference. However, the issue of the appropriate testing facility and methodologies was not resolved until Judge Warner's Second Order.

Therefore, the court concludes that NatureWise's objection to the adverse inference is untimely, but Naturewise's objection to the testing facility and methodologies is timely.

## ADVERSE INFERENCE FOR SPOLIATION OF EVIDENCE

Even if the court considered NatureWise's objection to the adverse inference for spoliation of evidence to be timely, the objection still fails because Judge Warner's decision was not clearly erroneous or contrary to law. The "clearly erroneous" standard under Rule 72(a) "applies to factual findings." *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-CV-890-TS-BCW, 2010 WL 3855347, at *2 (D. Utah Sept. 29, 2010). In order for a district court to overturn a magistrate judge's decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard." *Williams v. Vail Resorts Dev. Co.*, No. 02-CV-16-J, 2003 WL 25768656, at *2 (D. Wyo. Nov. 14, 2003) (citation omitted). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by a district judge." *Id.* (citations omitted).

Judge Warner determined that an adverse inference was an appropriate sanction for spoliation of evidence by concluding that the sanction is in the court's discretion and is determined by considering "a variety of factors, two of which generally carry the most weight: (1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party." *Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc.*, No. 97-5089, 1998 WL 68879, at *4 (10th Cir. Feb. 20, 1998). NatureWise does not appear to argue that Judge Warner applied the wrong legal standard. Instead, NatureWise argues that the adverse inference sanction in Judge Warner's order is too broad in its application because it relates to products that never actually existed, that were not sold to consumers, or that were never distributed in the United States.

NatureWise's objection seems to be based on an incorrect assumption about the scope and force of the adverse inference granted in Judge Warner's order. Although Judge Warner does not specify whether the adverse inference should be mandatory or permissive, the court interprets Judge Warner's order, and intends to implement it, as a permissive adverse inference. Permissive adverse inferences "allow, but do not require, the factfinder to infer a given fact." *Arch Ins. Co. v. Broan-NuTone, LLC*, 509 F. App'x 453, 459 (6th Cir. 2012). In other words, although the factfinder will consider the adverse inference in reaching its conclusions, the factfinder is free to accept or reject the inference based on the reasons provided for the destruction of evidence and based on any other evidence that is presented that contradicts the inference. A permissive adverse inference is helpful to a plaintiff because it may reduce the plaintiff's evidentiary burden by allowing a jury to infer elements of the plaintiff's claim that the plaintiff lacks evidence to prove and because it comes "dressed in the authority of the court, giving it more weight than if

merely argued by counsel." *Id.* But a permissive adverse inference does not prevent a defendant from offering evidence to contradict all or a portion of the inference.

Because the adverse inference in this case is permissive, NatureWise will be permitted to offer evidence to contrary to the adverse inference, including evidence that some of its products subject to the adverse inference never actually existed, were not sold to consumers, or were never distributed in the United States. Given the ability of NatureWise to offer evidence contrary to the adverse inference, the court concludes that Judge Warner's sanction was a proportional response to NatureWise's offense that achieved both the need to deter NatureWise's spoliation of evidence and to restore Vitamins Online to "the position [it] would have been in but for the spoliation." *In re Black Diamond Min. Co., LLC*, 514 B.R. 230, 242 (E.D. Ky. 2014); *see also Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) ("[A] proper spoliation sanction should serve both fairness and punitive functions."); *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) ("The choice of sanctions should be guided by the 'concept of proportionality' between offense and sanction."). Therefore, the court concludes that Judge Warner's adverse inference was neither clearly erroneous nor contrary to law.

NatureWise also argues that it did not demonstrate bad faith because it simply sent its products to a third-party facility to test the veracity of Vitamins Online's claims and that Vitamins Online was not prejudiced by the lack of evidence because the products were tested against the purportedly false label claims. NatureWise appears to be arguing that Judge Warner failed to consider relevant facts in reaching his conclusions. However, Judge Warner considered all of the arguments offered by NatureWise in reaching his decision. Judge Warner concluded that the decision to send the final bottles of some lots for testing while simultaneously arguing that it had to keep at least two bottles of other lots due to regulations from the Food and Drug

9

Administration (FDA) evidenced bad faith. Judge Warner also concluded that Vitamins Online was prejudiced because, although the lots at issue were sent for testing, the testing did not cover the full scope of Vitamins Online's claims and did not allow Vitamins Online to match label claims to each lot. Because Judge Warner properly considered all of the facts offered by NatureWise in its objection, the court concludes that Judge Warner's conclusions were not clearly erroneous.

**ADOPTION OF PROPOSED TESTING FACILITY AND METHODOLOGIES**

Due to the limited supply of Category 2 Products and Category 3 Products, Judge Warner ordered the parties to attempt to stipulate to the testing facility and testing methodologies for testing the remaining products and, if the parties could not reach an agreement, to submit proposed testing methodologies and facilities to the court. NatureWise and Vitamins Online were not able to agree, so each party submitted a proposed testing facility and proposed testing methodologies. Judge Warner considered the proposals and issued an order accepting Vitamins Online's proposal. NatureWise objects to Judge Warner's acceptance of Vitamins Online's proposed testing facility and methodologies because (1) sufficient bottles of NatureWise's products exist for both NatureWise and Vitamins Online to conduct independent testing, (2) Judge Warner failed to recognize NatureWise's objection to a single facility and testing methodologies, and (3) Vitamins Online's proposed testing methodologies allow testing beyond the scope of what has been alleged by Vitamins Online.

The court concludes that none of NatureWise's reasons for objecting establish that Judge Warner's order was clearly erroneous or contrary to law. First, Judge Warner was fully aware of the number of bottles of product that were available for the Category 2 Products and the Category 3 Products. Judge Warner was also aware of the minimum number of capsules that are

required to perform the requested tests. None of this evidence is new, and all of it was properly considered by Judge Warner. Despite being aware of all of these facts, Judge Warner, in his discretion, decided to implement Vitamins Online's proposal to use a single testing facility and a single set of testing methodologies. The court concludes that the number of available bottles of product for testing did not render Judge Warner's decision clearly erroneous.

In addition to deciding to implement Vitamins Online's proposal due to the limited supply of products for testing, Judge Warner also decided to implement that proposal because NatureWise did not oppose the proposal in its opposition memorandum. In his order, Judge Warner stated, "Defendant did not oppose this proposal [for the court to specify a testing facility and testing methodologies] in its memorandum in opposition." Mem. Decision and Order, at 8, ECF No. 155. NatureWise does not dispute that it failed to oppose the proposal in its opposition memorandum. Instead, NatureWise points to an exhibit to Vitamins Online's motion in which NatureWise offers an alternative proposal as evidence that it opposed Vitamins Online's proposal. However, if NatureWise wanted Judge Warner to consider its opposition to Vitamins Online's proposal, NatureWise should have stated its opposition in its opposition memorandum. The court concludes that Judge Warner's decision was not clearly erroneous for failing to recognize an opposition not presented to the court by the opposing party.

Finally, although NatureWise argues that Vitamins Online's proposed testing methodologies allow for testing beyond the scope of the allegations in the Complaint, Vitamins Online's proposal for testing included a chart correlating each proposed test with a false advertising claim set forth in the Complaint. Therefore, the court concludes that Judge Warner's decision to accept Vitamins Online's testing plan is not clearly erroneous for allowing testing beyond the scope of the allegations because each test is correlated with a claim in the Complaint.

As a final note, in an attempt to preserve its objections, NatureWise argues that Judge Warner's orders do not prevent it from conducting its own testing to rebut Vitamins Online's tests and methodologies. The court concludes that NatureWise's argument and attempt to conduct its own testing is not in compliance with Judge Warner's order. In his order, Judge Warner explained that he was going to implement Vitamins Online's proposal, which precluded the parties from challenging the reliability of the testing methodologies. Judge Warner also stated that, in the absence of a stipulation by the parties, "the court will decide which facility and methodologies *shall* be used." Mem. Decision and Order, at 8, ECF No. 155 (emphasis added). The court concludes that Judge Warner's order does not allow for NatureWise to conduct independent testing to rebut the tests and methodologies ordered by the court.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that NatureWise's Rule 72 Objection to two orders issued by Magistrate Judge Paul M. Warner is DENIED. The court does not consider any part of Judge Warner's orders to be clearly erroneous or contrary to law and affirms his rulings in both orders.

DATED this 11th day of July, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge