# IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **VITAMINS ONLINE, INC.,** a Delaware corporation,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>**HEARTWISE, INC.** an Oregon corporation d/b/a **NATUREWISE,**<br><br>    Defendant/Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-982-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Paul M. Warner |
| **HEARTWISE, INC.** an Oregon corporation d/b/a **NATUREWISE,**<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>**NUTRIGOLD, INC.,** a Delaware corporation, **NUTRIGOLD, INC.** an expired Utah corporation d/b/a **BUYHERBS,** and **OSMAN KHAN,** an individual,<br><br>    Third-Party Defendants. | |

District Judge Dale A. Kimball referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Heartwise, Inc. d/b/a NatureWise's ("Defendant") Short Form Discovery Motion to Compel Vitamins Online, Inc.

---

[1] Dkt. No. 59.

("Plaintiff") to Produce Product Samples and to Modify Testing Order.[2]  Specifically, Defendant seeks an order requiring Plaintiff to produce certain samples of Defendant's products that are in Plaintiff's possession and that Plaintiff intends to test and use at trial.  The specific products are (1) Garcinia Cambogia Lot No. 5499 and (2) Green Coffee Lot Nos. 10129, 4676, NW4881, 10570, 10684, and 10657 (collectively, the "Untested Lots").  Defendant also requests that the court modify its previous testing order[3] ("Testing Order") to remove Garcinia Cambogia Lot No. 5499 and Green Coffee Lot No. 10657 from Category 1 Products for which the court ordered that an adverse inference be given to the jury.[4]  Defendant asserts that because Plaintiff possesses these lot numbers, they may be tested and thus no adverse inference is required.  Lastly, Defendant requests that the court order Plaintiff to produce samples of the Untested Lots to Defendant as the time for expert discovery has not yet expired.

In response, Plaintiff contends that Defendant never requested samples of products for testing during fact discovery.  Plaintiff asserts that it has limited quantities of the lot numbers (except for Garcinia Cambogia Lot No. 5499) and notes that testing the products destroys the samples.  Thus, Plaintiff argues that requiring it to provide the samples to Defendant will preclude Plaintiff from testing them in accordance with the Testing Order.  Plaintiff also argues that Defendant's motion is an attempt to circumvent the court's orders by conducting and entering evidence of independent tests on its products.

The court **DENIES** Defendant's motion.  It is of no moment to the court that Plaintiff possesses samples of two of the Category 1 Products; the court's order for an adverse inference

---

[2] Dkt. No. 213.
[3] Dkt. No. 177.
[4] Dkt. No. 155.

was the consequence for Defendant's spoliation of its own products. As noted by Judge Kimball,[5] because the adverse inference is permissive, Defendant may offer contrary evidence regarding its destruction of the samples, as well as Plaintiff's possession of some Category 1 Products. Furthermore, while Defendant argues that the Untested Lots are not subject to the Testing Order because they were not included in Plaintiff's previous motion, this argument is unpersuasive. Plaintiff has indicated that it intends to have the Untested Lots tested in accordance with the Testing Order. Although the court has no reason to disbelieve Plaintiff's intentions; nevertheless, the court now specifically orders that the Untested Lots be provided to Alkemist Labs to be tested in accordance with the Testing Order. The costs for testing shall be split equally between the parties. Because the Untested Lots are now subject to the Testing Order, the parties may not "conduct independent testing to rebut the tests and methodologies ordered by the court."[6]

Based on the foregoing, Defendant's motion to compel is **DENIED**.

**IT IS SO ORDERED**.

DATED this 17th day of May, 2017.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] Dkt. No. 198.
[6] *Id.* at 12.