**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **VITAMINS ONLINE, INC., a Delaware corporation,**<br><br>Plaintiff,<br>v.<br><br>**HEARTWISE, INC., an Oregon corporation d/b/a NATUREWISE,**<br><br>Defendant. | **TRIAL ORDER**<br><br>Civil Case No. 2:13-cv-00982-DAK<br><br>Judge Dale A. Kimball |

This case is set for a ten-day bench trial to begin on April 13, 2020, at 8:30 a.m. The court will not hold a Final Pretrial Conference in this case. Rather, in order to expedite the conduct of the trial in this case, counsel are instructed as follows:

**A. Court-Imposed Deadlines**

The deadlines in this Trial Order are court-imposed deadlines. To modify any deadline, a party must file an appropriate motion with the court and receive an order from the court modifying such deadline.

**B. Deposition Testimony**

Any party desiring to present testimony of a witness by recorded means, whether video, audio, or paper, must file with the court and serve a designation of the testimony on the opposing party **sixty days** prior to trial. Any objection to a party's deposition designations must be filed with the court and served on the opposing party **fourteen days** after the designation. The parties must promptly meet and confer (with at least one in-person meeting) to resolve any disputes. The parties must notify the court within two days of the meeting, indicating whether the parties

have reached an agreement or not. If the parties cannot agree on the designated portions of the deposition testimony, the party seeking to enter the deposition testimony must file a reply to the opposing party's objection within ten days of the date of the objection. The court will then take the objections under advisement and issue a written ruling.

### C. Trial Exhibits

Pursuant to Local Rule 83-5, each party is required to pre-mark all exhibits intended to be introduced during trial and prepare an exhibit list for the court's use at trial. Exhibit labels (stickers) are available at the Intake Desk in the Clerk's Office. The standard exhibit list form is available on the court's website (www.utd.uscourts.gov).

Parties must meet and confer to avoid marking the same exhibit twice. Plaintiffs should list their exhibits by consecutive numbers and defendants should list their exhibits by consecutive letters, unless authorized by the court to use a different system.

Do **NOT** file the exhibit list or the exhibits. The exhibit list is to be provided to the Courtroom Deputy Clerk on the first morning of trial; the exhibits are to remain in the custody of counsel until admitted as evidence by the court.

The court prefers (1) one courtesy copy of the exhibits in a binder presented to the Courtroom Deputy on the first day of trial; and (2) two electronic courtesy copies of the exhibits and exhibit lists on discs presented to the Courtroom Deputy on or before **April 10, 2020**.

Questions regarding the preparation of the exhibit list or courtesy copies may be directed to Courtroom Deputy Clerk Elizabeth Toscano at (801) 524–6610.

### D. Witness Lists

The parties are required to prepare a separate witness list for the court's use at trial. Standard forms for witness lists are available on the court's website (www.utd.uscourts.gov).

Witness lists must be submitted to the court electronically at utdecf_kimball@utd.uscourts.gov on or before **April 10, 2020**.

Questions regarding the preparation of these lists may be directed to Courtroom Deputy Clerk Elizabeth Toscano at (801) 524-6610.

### E. Pretrial Disclosures, Pretrial Order, and Attorneys' Conference

This Trial Order does not affect the parties' pre-trial requirements under the Federal Rules of Civil Procedure except that pretrial disclosures must be made at least **sixty days** before trial. Any objection to pretrial disclosures must be made within **fourteen days** after such disclosures are made. In addition, because there is no final pretrial conference being held by the court, the parties shall submit their Pretrial Order to the court no later than **fourteen days** before trial. The form of the pretrial order shall conform generally to the approved form of pretrial order which is on the court's website (www.utd.uscourts.gov). The parties shall hold their pre-trial attorneys' conference before the date for submitting the Pretrial Order to discuss settlement, the Pretrial Order, exhibits, witnesses, and other matters that will aid in an expeditious and productive trial. The Pretrial Order submitted by the parties shall identify the date counsel for the parties' held their attorneys' conference and the counsel present for the conference.

### F. Courtroom Equipment

If counsel wish to use any courtroom equipment, such as the evidence presentation system, easels, etc., they must notify Courtroom Deputy Clerk Elizabeth Toscano, (801) 524-6610, at least **seven days** before trial. Trial counsel and support staff are expected to familiarize themselves with any equipment they intend to use in advance of trial. Courtroom Deputy Clerk Ryan Robertson, (801) 524-6617, is available to train attorneys on the technology available in the courtroom. Appointments for such training should be scheduled well in advance of trial.

### G. Settlement

In the event that a settlement is reached between the parties, counsel must notify a member of Judge Kimball's chambers staff as soon as possible.

### H. Courtroom Conduct

The court follows DUCivR 43-1 which provides ground rules for the conduct of counsel at trial.

In addition to the rules outlined in DUCivR 43-1, the court expects the following conduct of counsel at trial:

1. Please be on time for each court session. The court usually runs its trial day from 8:30 a.m. until approximately 2:00 p.m. with two short (fifteen minute) breaks.
2. Counsel is expected to stand: (1) as court is opened, recessed, or adjourned; and (2) when addressing or being addressed by the court.
3. Counsel must instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during witness testimony are absolutely prohibited.
4. Counsel should instruct witnesses as to the need to make a clear record of the proceedings. Counsel and witnesses need to speak clearly into the microphones.
5. Members of the trial team should not confer or visit with anyone in the spectator section while court is in session.
6. Messages may be delivered to counsel table provided they are delivered discreetly and with as little disruption to the proceedings as possible.

I.  **Proposed Findings of Fact and Conclusions of Law**

After trial has concluded, the parties will be required to prepare and submit proposed findings of fact and conclusions of law.  The court will set the deadline for the proposed findings of fact and conclusions of law on the last day of trial.

Dated this 14th day of January, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge