**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **VITAMINS ONLINE, INC.,** a Delaware corporation,<br><br>       **Plaintiff,**<br><br>v.<br><br>**HEARTWISE, INC.,** an Oregon corporation d/b/a NATUREWISE,<br><br>       **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Civil Case No. 2:13-cv-00982-DAK**<br><br>**Judge Dale A. Kimball** |

  This matter is before the court on Defendant HeartWise, Inc.'s Motion in Limine No. 1 to Preclude Mr. Stan Smith from Offering Testimony Outside the Scope of His Expert Report per FRCP 26(a)(2) [ECF No. 483]; Motion in Limine No. 2 to Exclude Late Produced Documents [ECF No. 484]; Motion in Limine No. 3 to Preclude Norman Howe from Offering Testimony Outside the Scope of His Expert Report and Other Testimony [ECF No. 485]; Motion in Limine No. 4 to Exclude Testimony Regarding Injury from Mr. Michael Belch [ECF No. 486]; Motion in Limine No. 5 to Preclude Mr. Tommy Noonan and Dr. Julian McAuley from Offering Testimony Outside the Scope of Their Expert Report per FRCP 26(a)(2) [ECF No. 487]; and the parties' objections to pre-trial disclosures, including deposition designations and trial exhibits. On June 17, 2020, the court telephonically held oral argument on Defendant's motions in limine. Defendant was represented by Joseph R. Trojan, and Plaintiff was represented by James E. Magleby, Geoffrey Kris Biehn, Edgar R. Cataxinos, and Yevgen Kovalov. The court took the motions in limine under advisement. The court considered carefully the memoranda and other

materials submitted by the parties, as well as the law and facts relating to the motions.  Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Vitamins Online, Inc. ("Vitamins Online") commenced this action back in 2013, alleging that Defendant HeartWise, Inc. d/b/a NatureWise ("NatureWise") had engaged in false advertising in violation of the Lanham Act.  Specifically, Vitamins Online alleged false advertising based on two types of conduct: (1) manipulating Amazon's customer review system; and (2) falsely advertising and misrepresenting the content and characteristics of its green coffee and garcinia cambogia products ("Ingredients Claims").  Now, after multiple rounds of motions for summary judgment and nearly seven years of litigating this case, the parties have filed their pre-trial disclosures, and NatureWise has filed several motions in limine in preparation for the bench trial, which is set to take place next month.

## DISCUSSION

### I.      Motions in Limine

NatureWise filed five separate motions in limine.  Four of the motions seek to confine the testimony of Vitamins Online's experts to their respective expert reports.  The remaining motion seeks to exclude documents that NatureWise argues were inappropriately produced well after the deadline for doing so.  The court will address each motion in turn.

#### 1.   Motion in Limine No. 1: Vitamins Online's Expert Stan Smith

NatureWise moves to preclude Vitamins Online's economics expert Stan Smith ("Smith") from offering testimony at trial beyond the scope of his expert report.  Specifically, NatureWise seeks to prohibit Smith from testifying on causation and damages that are not presented in his expert report.

Federal Rule of Civil Procedure 26(a)(2) requires an expert witness to set forth a report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2). In this case, Smith offered an expert report on Vitamins Online's alleged damages. NatureWise contends, however, that Smith's calculation of damages was predicated on various presumptions of injury that the court has rejected in this case. Furthermore, NatureWise argues that Smith's report fails to address causation entirely. As such, NatureWise contends that Smith's testimony should be circumscribed accordingly.

To start, the court notes that, in his report, Smith explicitly states that his assignment was "to value the sales revenues by HeartWise subsequent to the unfair competition and false advertising by defendant HeartWise, d/b/a NatureWise." Expert Report of Stan V. Smith at 1, ECF No. 287-15. In light of this articulated purpose, Smith goes on to analyze the revenue that NatureWise made from the sale of its green coffee and garcinia cambogia products. *Id.* at 9. Following that calculation, Smith notes that since he has established NatureWise's profits, the burden then shifts to NatureWise to account for any possible deductions. *Id.* Thus, considering NatureWise's arguments in its motion, it seems that Vitamins Online never tasked Smith with analyzing or establishing causation. The court, however, is apprehensive to grant NatureWise's motion. First, although establishing causation does not appear to be the purpose of Smith's report, his report necessarily relies on various assumptions which relate to causation. For example, Smith's report is based on the assumption that NatureWise is liable for false advertising—that is, Vitamins Online has established all of the elements of its false advertising claim, including that NatureWise's actions caused injury to Vitamins Online. As such, it would

3

be improper to preclude Smith from discussing causation entirely, because to do so would result in him being unable to testify regarding the bases of his opinions.

Second, the relief that NatureWise seeks from its motion appears to be something of a moving target. In its motion, under the section entitled "RELIEF SOUGHT AND SPECIFIC GROUNDS FOR THE MOTION," NatureWise states that it is specifically moving to preclude Smith from testifying on alleged damages. Def.'s Mot. in Lim. No. 1 at 1, ECF No. 483. However, NatureWise's motion goes on to argue that Smith should be precluded from testifying regarding what caused Vitamins Online's alleged injury. *Id.* at 4–10. Given that the valuation of damages is a separate inquiry from whether a plaintiff has established the injury element of his false advertising claim, *see* Mem. Decision and Order at 28–29, ECF No. 444, it is unclear as to what testimony NatureWise specifically seeks to preclude.

Third, the court disagrees with one of the main premises of NatureWise's motion—that Smith's report is based entirely on the presumptions of injury that this court has rejected. *See* Def.'s Mot. in Lim. No. 1 at 1–4. As this court explained in its most recent summary judgment order, there exists a presumption of injury in false advertising cases involving comparative advertising or direct competitors in a two-player market. Mem. Decision and Order at 25–28, ECF No. 444. Yet, in that order, the court determined that neither of those presumptions are applicable in this case. *Id.* Here, NatureWise avers that Smith's report relies wholly on these presumptions of injury, but the court believes that NatureWise is misconstruing Smith's report. Smith's report merely assumes that Vitamins Online has established all of the elements of its false advertising claim; the report makes no assertion that that assumption relies exclusively on one of the presumptions of injury.

4

In light of the foregoing analysis, the court is concerned that restricting Smith's prospective testimony in the manner requested by NatureWise would be improper and lead to confusion at trial.  As such, the court believes that the most efficient way for NatureWise to challenge portions of Smith's testimony would be through raising objections at trial.  The court therefore concludes that NatureWise's first motion in limine should be denied.

### 2.  Motion in Limine No. 2: Late Produced Documents

NatureWise moves to exclude documents that it alleges Vitamins Online produced well after the deadline.  Specifically, NatureWise moves to exclude documents labeled with bates numbers VO0025785 through VO0025853, produced by Vitamins Online on February 12, 2020, and bates numbers VO0025854 through VO0025946, produced by Vitamins Online on March 3, 2020.

Federal Rule of Civil Procedure 37(c)(1) governs situations where a party fails timely to disclose information.  It provides, in relevant part:

> *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).  When considering whether a violation of Rule 26(a) is justified or harmless, courts analyze the following four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

In this case, Vitamins Online argues that the four factors stand in favor denying NatureWise's motion.  In particular, they contend that excluding the documents at issue would be improper because they were all publicly available prior to production, and many of the documents merely reflect NatureWise's own product packaging and website.  The court, however, finds Vitamins Online's arguments to be without merit and concludes that Vitamins Online's late production was neither substantially justified nor harmless.  As for the first factor, the court finds that NatureWise would be prejudiced by permitting Vitamins Online to rely on the belated documents at trial.  Fact discovery in this case concluded over five years ago.  Thus, it would be entirely improper to allow Vitamins Online to continue producing documents years after the deadline and with trial fast approaching.  Moreover, the fact that the documents are public is of no consequence.  The public domain is replete with scores of documents, but that does not mean that NatureWise should be on perennial notice that any such documents may be used against it at trial.  Rather, "[t]he purpose of the discovery process is to uncover the facts relevant to the legal claims, *Northstar Funding Grp. v. Fed. Deposit Ins. Corp.*, No. 1:09CV79DAK, 2010 WL 2802438, at *3 (D. Utah July 15, 2010) (unpublished), and then be able to explore a party's reliance on such facts.  Because Vitamins Online produced the documents at issue well past the deadline for doing so, NatureWise is prejudiced because it was precluded from exploring the documents and Vitamins Online's reliance thereon.  Accordingly, the first factor weighs in NatureWise's favor.

The second and third factors also weigh in favor of NatureWise's motion.  Given the excessive tardiness of the production, it would be difficult for NatureWise to cure the prejudice. In order to properly cure the resulting prejudice to NatureWise, it would likely be necessary to reopen discovery and allow NatureWise the opportunity to perform discovery on the documents.

With trial approximately one month away, a discovery reopening would frustrate the entire timeline of this already longstanding case.  Furthermore, trial would undoubtedly be disrupted given that the parties would be contesting the newly-produced documents for the first time at trial itself.  Accordingly, the most efficient manner to cure the prejudice against NatureWise in this case would be to exclude the documents.  Thus, the second and third factors weigh in favor of NatureWise's position.

The fourth factor likewise supports NatureWise's motion.  The court finds that Vitamins Online's actions were willful.  The court reaches this conclusion because this is the second time that Vitamins Online has produced documents well after the discovery deadline.  Regarding the first late production, the court determined that it was harmless because NatureWise was already aware of that information despite the fact Vitamins Online produced it late.  Mem. Decision and Order at 11–12, ECF No. 444.  Further, that production occurred in January 2019—more than a year before trial.  *Id.* at 11.  Thus, NatureWise had ample time to verify the newly-produced information in conjunction with is preparation for trial.  In contrast, the most recent production occurred in late February and early March 2020—approximately a month and a half before the original trial date.[1]  Consequently, not only was NatureWise afforded very little time to examine and verify the information, it received the information when it was in the heat of preparing for the imminent trial date.  Therefore, the fourth factor also favors NatureWise.  Accordingly, because the four factors weigh in favor of finding that Vitamins Online's late production of documents was neither justified nor harmless, Vitamins Online will not be permitted to use the documents at trial.

---

[1] The trial was originally set to begin on April 13, 2020.  Trial Order, ECF No. 468.  In light of the COVID-19 pandemic, however, the court vacated that trial date, Order Vacating Trial Dates, ECF No. 514, and reset the trial for July 16, 2020, Scheduling Order, ECF No. 517.

As a final matter, given the age of this case, Vitamins Online's continued production of documents is improper.  Additionally, because Vitamins Online contends that all of the belated documents are publicly available, its late production is even less justifiable inasmuch as the documents have been readily available to Vitamins Online for quite some time.  Therefore, the court concludes that NatureWise's second motion in limine should be granted.  As a result, pursuant to Rule 37(c)(1), Vitamins Online will be precluded from using documents labeled as bates numbers VO0025785 through VO0025946 at trial.

### 3.  Motion in Limine No. 3: Vitamins Online's Expert Norman Howe

NatureWise moves to preclude Vitamins Online's expert Norman Howe ("Howe") from offering testimony at trial regarding the following Ingredients Claim: "Made in the USA following strict GMP manufacturing standards" ("Made in the USA Claim").  NatureWise contends that the Made in the USA Claim should be excluded from trial because Vitamins Online never disclosed that claim during fact discovery.  Instead, that claim first appeared in Howe's expert report.  In addition, NatureWise seeks to limit Howe's testimony to (1) the sixteen Ingredients Claims that he analyzed in his expert report and (2) the specific product lots that he addressed in his report.

As mentioned above, Rule 37(c)(1) governs whether a party will be permitted to use information it failed to timely disclose.  Thus, the court will consider the four factors to analyze whether Vitamins Online's alleged Rule 26 violation regarding the Made in the USA Claim was justified or harmless.  As for the remainder of NatureWise's requests, the court need not consider the four factors given that NatureWise is not seeking to exclude information as a result of an alleged discovery violation, but is merely requesting that Howe's testimony be confined to the four corners of his expert report as required by Rule 26(a)(2).

For the Made in the USA Claim, the court concludes that Vitamins Online's alleged Rule 26 discovery violation was harmless.  First, allowing the Made in the USA Claim to move forward will result in little prejudice, if any, against NatureWise, and it will not catch NatureWise by surprise.  NatureWise has long been aware of the Made in the USA Claim.  Indeed, NatureWise's former counsel discussed that claim in depth in a motion that NatureWise filed back in January 2019.  *See* Mot. for Partial Summ. J on Ingredient Claims at 24–27, ECF No. 298.  Furthermore, NatureWise's former counsel questioned Howe regarding the Made in the USA Claim during his deposition in May 2018.  Dep. of Norman Howe 189:21–190:1, ECF No. 287-3.  Second, given that NatureWise has been aware of the Made in the USA Claim now for years, there is, again, little prejudice, if any, that needs to be cured.  Third, allowing the Made in the USA Claim to proceed would not disrupt trial given that NatureWise has long been aware of its existence.  And fourth, the court finds no bad faith or willfulness on the part of Vitamins Online given that Howe disclosed the claim years ago, and NatureWise's former counsel had adequate opportunity to explore it.  Therefore, the court concludes that Vitamins Online's alleged Rule 26 violation is harmless.  Accordingly, the portion of NatureWise's motion seeking to exclude the Made in the USA Claim from trial is denied.

Next, the court rejects NatureWise's request to limit Howe's testimony to the sixteen Ingredients Claims and specific product lots in his expert report.  During oral argument, Vitamins Online argued that NatureWise's motion misconstrues Howe's report.  The court agrees.  NatureWise contends that, in response to its interrogatories, Vitamins Online identified thirty-eight distinct Ingredients Claims, but then Howe limited his analysis to a mere sixteen "Key" Ingredients Claims.  What NatureWise fails to appreciate, however, is that all of Vitamins Online's original thirty-eight Ingredients claims are encompassed by Howe's sixteen key

Ingredients Claims.  In other words, what NatureWise attempts to construe as a single claim in

Howe's report, actually consists of several distinct claims from Vitamins Online's interrogatory

responses.  For example, the second Ingredients Claim that Howe identifies in his report

provides, in relevant part:

> The statements "NatureWise All Natural Weight Loss Supplement - Zero Fillers,
> Zero Binders, Zero Artificial Ingredients", "Zero Fillers, Zero Binders, Zero
> Artificial Ingredients", "100% Pure – No Fillers", and "Zero Fillers, Zero Binders,
> Zero Artificial Ingredients" appeared on numerous NatureWise primary packages
> and bottle labels.  These are false claims . . . .

Expert Report of Norman Howe at 89, ECF No. 287-18.  Conversely, in its interrogatory

responses, Vitamins Online lists those claims as separate, stand-alone claims:

> [2.] Advertising NW Garcinia as having "zero fillers" and "zero binders."
>
> [. . .]
>
> [6.] That NW Garcinia contains "Zero Fillers, Zero Binders, Zero Artificial
> Ingredients."
>
> [. . .]
>
> [23.] That NW Garcinia contains: "Other Ingredients: Vegetarian Capsules and
> Absolutely Nothing Else! Zero Fillers, Zero Binders, and Zero Artificial
> Ingredients."
>
> [. . .]
>
> [30.] That NW Green Coffee products are a "NatureWise All Natural Weight Loss
> Supplement- Zero Fillers, Zero Binders, Zero Artificial Ingredients."
>
> [. . .]
>
> [33.] That NW Green Coffee products contain "Zero Fillers, Zero Binders, Zero
> Artificial Ingredients."
>
> [. . .]
>
> [36.] That NW Green Coffee products are "100% Pure – No Fillers."
>
> [. . .]

Pl. Vitamins Online, Inc.'s Suppl. Resps. to Def./Countercl. Pl.'s Interrog. Nos. 1, 2, and 14 at

10–13, ECF No. 485-3.  Thus, when comparing Howe's second Ingredients Claim to Vitamins

Online's interrogatory responses, it becomes clear that Howe's second claim encompasses at

least six of the thirty-eight claims identified in Vitamins Online's supplemental interrogatory

responses.  Importantly, the same holds true for all of the remaining claims: although numbered

differently, Howe's report discusses each of Vitamins Online's original thirty-eight claims that it

identified in its interrogatories responses.  Accordingly, the court denies NatureWise's request to

limit Howe's testimony to a mere sixteen Ingredients Claims.

Finally, the court denies NatureWise's request to limit Howe's testimony to the specific

product lots in his report.  Again, the court is wary that NatureWise is misapprehending Howe's

report and attempting to use that misapprehension to confine Howe's testimony.  Therefore, the

court concludes that the proper way to raise concerns regarding Howe's report in relation to

specific product lots will be through the use of objections at trial.

Accordingly, the court denies NatureWise's third motion in limine.

### 4.  Motion in Limine No. 4: Vitamins Online's Expert Norman Howe

NatureWise moves to limit Vitamins Online's Expert Michael Belch's ("Belch")

testimony at trial to the contents of his expert report.  Specifically, NatureWise seeks to preclude

Belch from offering any testimony regarding causation of injury pursuant to Rule 26(a)(2).

As stated in his expert report, Belch had two assignments:

First, . . . conduct a primary research study to examine online shoppers' use and
evaluation of online reviews for weight loss supplements on Amazon.com.
Specifically, the study examined the frequency of use and the importance of
reviews in the decision-making process as well as consumers' perceptions of the
credibility of these reviews.

[. . .]

11

> Second, . . . provide [his] opinion concerning the power of "influencers" to create demand for products, and provide [his] opinion concerning whether Dr. Oz acted as an influencer concerning the products at issue in this case, and the impact Dr. Oz's actions had on the demand for those products, if any.

Expert Report of Michael A. Belch at ¶¶ 9, 11, ECF No. 323-1.  In viewing these assignments, NatureWise argues that Belch's study was only designed to generally test how Amazon users consider online reviews when purchasing weight loss products.  NatureWise contends that Belch neither surveyed injury allegedly caused by NatureWise's accused false advertising, nor did he test whether any consumers switched from Vitamins Online's products to NatureWise's products because they relied on any particular review at issue in this case.  NatureWise further contends that, despite these flaws in Belch's survey, he still opines that Vitamins Online was injured by NatureWise's alleged conduct.  Therefore, NatureWise requests that Belch be precluded from offering an opinion on the cause of lost sales.

Despite NatureWise's contentions, the court will not preclude Belch from offering an opinion on the cause of lost sales at trial.  Importantly, Belch concluded that, "[a]ssuming [Vitamins Online's] claims are true, and based on [his] business and academic experience, [he] would opine that [NatureWise's] practices are deceptive and injurious to Vitamins Online."  *Id.* at ¶ 71.  Thus, the scope of Belch's report encompasses potential causes for Vitamins Online's lost sales and injury.  While NatureWise disagrees that Belch's report supports such a conclusion, the court finds that that argument relates more to the weight and design of Belch's report, not its relevance or admissibility.  *See McDonald v. N. Am. Specialty Ins. Co.*, 224 F. App'x 761, 767 (10th Cir. 2007) (finding that if "there is a logical basis for an expert's opinion,

the weaknesses in the underpinnings of the opinion go to the weight and not the admissibility of

the testimony").[2]  Consequently, NatureWise's fourth motion in limine is denied.

### 5. NatureWise's Motion in Limine No. 5: Vitamins Online's Experts Tommy Noonan and Julian McAuley

NatureWise moves to preclude Vitamins Online's Experts Tommy Noonan ("Noonan")

and Julian McAuley ("McAuley") from offering testimony at trial regarding literal falsity of

reviews that is not present in their expert report (the "NM Report") pursuant to Rule 26(a)(2).

More specifically, NatureWise contends that the NM Report made no determinations and stated

no opinions as to the alleged falsity or truthfulness of any of NatureWise's reviews.  As a result,

NatureWise contends that Noonan and McAuley should be precluded from testifying as to

whether any of NatureWise's reviews are literally false.

In the NM Report, Noonan and McAuley recognize:

> It's impossible for us to determine if a review is "fake" or not by using [our] method.  In my opinion, it's impossible for anyone to prove a review is "fake" just by looking at the review itself.  [Our] algorithm is specifically looking for patterns in the data, which might indicate that the reviews are biased.

Expert Report of Tommy Noonan and Julian McAuley at ¶ 27, ECF No. 487-4.  Similarly, in

their depositions, Noonan and McAuley noted that their algorithm was not designed to say

whether a specific review was false, and they were not necessarily looking for false statement

reviews through their research.  *See* Dep. of Tommy Noonan and Dep. of Julian McAuley, ECF

Nos. 487-5 and 487-6.  Despite such admissions, the NM Report ultimately concludes that "the

only logical explanation of the patterns we are seeing in the data is blatant review manipulation."

Expert Report of Tommy Noonan and Julian McAuley at ¶ 77.  Based on these aspects of the

---

[2] The court notes that much of NatureWise's motion takes issues with what Belch's survey did or did not do.  Such arguments, however, go more to the weight of Belch's survey as opposed to its admissibility.  As such, the proper place for NatureWise to attack, what it perceives to be, flaws in Belch's survey will be through cross-examination and objections at trial.

NM Report, the court concludes that NatureWise's motion should be partially granted.  It is true

that Noonan and McAuley have articulated that their methodology does not establish whether

any single NatureWise review is false.  Thus, at trial, Noonan and McAuley will be precluded

from opining on whether any single NatureWise review is literally false—that is, they will be

prohibited from looking at a NatureWise review and opining as to its veracity or falsity.

 Nevertheless, the court denies NatureWise's request to preclude Noonan and McAuley

from testifying on literally falsity entirely.  Given the NM Report's conclusion that NatureWise

blatantly manipulated online reviews, Noonan and McAuley should be permitted to discuss how

they reached the conclusion—a discussion which could very well implicate the doctrine of literal

falsity.  Therefore, the court finds that precluding Noonan and McAuley from discussing literally

falsity at all, at this juncture, would be premature and overreaching.  Instead, NatureWise will

have the opportunity to challenge Noonan and McAuley's testimony through objections at trial.

 Accordingly, NatureWise's fifth motion in limine is granted in part and denied in part.

The motion is granted such that Noonan and McAuley will be prohibited from looking at a

particular review and stating whether it is true or false.  The motion is denied in all other

respects.

## II. Objections

 Pursuant to this court's Trial Order, ECF No. 468, the parties have submitted their pre-

trial disclosures, including designations of deposition testimony and trial exhibits.  In early

March, the parties met and conferred over the course of three days in order to resolve disputes

regarding their respective designations of deposition testimony that they intended to use at trial.

The parties' efforts over the course of those three days resulted in a substantial reduction in the

number of objections to the designations of testimony.  There are, however, objections that

remain regarding deposition designations and trial exhibits.  The court will address each objection in turn.

### 1. Deposition Designation Objections

#### A. NatureWise's Objections

As to Kevin Harden, NatureWise objects to the following testimony and the court makes the following rulings:

71:21–72:9 overruled

110:14–21 sustained

As to Tammy Malley-Naslund, NatureWise objects to the following testimony and the court makes the following ruling:

100:10–18; 100:22–101:2; 101:5 overruled

As to Richard W. Meirowitz, NatureWise objects to the following testimony and the court makes the following rulings:

393:7–395:15 overruled

502:1–507:17 overruled

507:25–508:8 overruled

#### B. Vitamins Online's Objections

As to Tammy Malley-Naslund, Vitamins Online objects to the following testimony and the court makes the following rulings:

36:17–36:25; 37:4–37:8 overruled

38:1–11 overruled

38:12–25 overruled

39:16–39:25 overruled

40:1–42:14 overruled

96:9–12 overruled

97:2–98:8 overruled

**2. Exhibit Objections**

**A. NatureWise's Objections**

In response to Vitamins Online's pretrial disclosures, NatureWise asserted a multitude of objections.  Importantly, NatureWise raises the vast majority of those objections pursuant to Rule 602 (lack of foundation and personal knowledge) and Rule 801 (hearsay) of the Federal Rules of Evidence ("FRE").  The court has determined that the proper time for resolving the foundation and hearsay objections will be during the course of trial when the court can view the evidence in context, understand the purpose for which Vitamins Online is proffering its evidence, and verify whether Vitamins Online has laid a proper foundation.  In regards to many of the remaining objections, NatureWise objects to the following exhibits and the court makes the following rulings:

No. 155: FRE 402/403 overruled

No. 183: overruled[3]

No. 230: overruled

No. 250: FRE 401/402/403 overruled

No. 322: FRE 401/402/403 overruled

No. 336: FRE 401/402/403 overruled

No. 347: FRE 401/402/403 overruled

---

[3] Exhibit No. 183 is a copy of the complaint in this case.  NatureWise objects that the pleadings in this case are not evidence.  Because NatureWise does not raise this objection to a specific rule of evidence, the court has obviously omitted "FRE."  The court will continue to omit "FRE" for any of the remaining objections untied to a specific rule of evidence.

No. 348: FRE 401/402/403 overruled

No. 351: FRE 401/402/403 overruled

No. 352: FRE 401/402/403 overruled

No. 354–355: excluded pursuant to NatureWise's second motion in limine

No. 362: FRE 402/403 overruled

No. 363: FRE 402/403 overruled

Nos. 364–368: excluded pursuant to NatureWise's second motion in limine

No. 371: FRE 402/403 overruled

Nos. 391–394: overruled

No. 397: overruled

No. 399: overruled

No. 409: overruled

Nos. 410–427: FRE 402/403 overruled

No. 438–439: FRE 402/403 overruled

No. 443: FRE 402/403 overruled

No. 607: FRE 402/403 overruled

Nos. 626–627: FRE 402/403 overruled

Nos. 630–631: FRE 402/403 overruled

No. 633: FRE 402/403 overruled

No. 635: FRE 402/403 overruled

Nos. 637–638: FRE 402/403 overruled

No. 640: FRE 402/403 overruled

No. 644: overruled

Nos. 646–647: overruled

**B.  Vitamins Online's Objections**

Vitamins Online objects to the following exhibits and the court makes the following rulings:

Nos. 5046–5048: FRE 401/402/403 sustained

No. 5054: FRE 401/402/403 sustained

No. 5058: FRE 401/402/403 sustained

In addition to the foregoing objections, Vitamins Online objects to Exhibit Nos. 5131–5134 and 5137.  Specifically, Vitamins Online argues that those exhibits include documents (Document Control Nos. NW82677 and forward) that NatureWise failed to produce until April 30, 2020, and, as such, they are untimely and prejudicial.  Moreover, Vitamins Online contends that NatureWise previously refused to produce such documents or claimed that they did not exist. Therefore, the court concludes that Document Control Nos. NW82677 and forward, that were produced on April 30, 2020, must be excluded from trial.  The court reaches this conclusion based on the Rule 37(c)(1) factors as outlined and discussed above.  Importantly, just as the court determined when considering NatureWise's second motion in limine, it would be highly prejudicial to Vitamins Online to permit NatureWise to use documents that it produced so far after the required deadline.  Accordingly, those documents will be excluded from trial.[4]

**III.   Contingency Plan for Trial**

The trial in this case is currently scheduled to commence on July 16, 2020.  During oral argument on the motions in limine, the court expressed its desire to proceed with the current trial dates, whether in person or through the use of remote videoconference technology.  Pursuant to

---

[4] Any objections not specifically addressed herein will be considered during trial.

the court's General Order 20-017, certain criteria must be met in order for any bench trial to be held in person.  General Order 20-017 at 3.  Once the criteria have been met, the court will enter Phase 1, wherein "critical" bench trials will be permitted.  *Id.*  Given the age and circumstances of this case, the court has determined that the trial in this case constitutes a "critical" bench trial.  Accordingly, if the criteria for the court to enter Phase 1 has been satisfied prior to the commencement of trial, the court intends to hold the bench trial in person.

In the event, however, that the court has not entered Phase 1 by the date of the bench trial, the court intends on proceeding with trial using remote videoconference technology.  During oral argument, Vitamins Online expressed that it had no objection with conducting the trial over videoconference.  Conversely, NatureWise expressed that it would prefer that the trial be postponed until it can be done in person.

Federal Rule of Civil Procedure 43(a) provides that, as a general matter, a witness's testimony at trial "must be taken in open court."  Fed. R. Civ. P. 43(a).  However, Rule 43(a) also provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  *Id.*  Under Rule 43, at least two courts have concluded that the COVID-19 pandemic constitutes "good cause and compelling circumstances" to hold bench trials, or at least portions of bench trials, via remote videoconference technology.  *Argonaut Ins. Co. v. Manetta Enterprises, Inc.*, No. 19CV00482PKCRLM, 2020 WL 3104033, at *2 (E.D.N.Y. June 11, 2020) (unpublished); *In re RFC & ResCap Liquidating Tr. Action*, No. 013CV3451SRNHB, 2020 WL 1280931, at *2–5 (D. Minn. Mar. 13, 2020) (unpublished).  Notably, in both cases, the courts determined to move forward with the trials despite at least one of the parties objecting to the use of videoconference technology and seeking to postpone the trial until it could be done in person.

*Argonaut*, 2020 WL 3104033, at *2–5; *In re RFC*, 2020 WL 1280931, at *2–5.  Furthermore, without addressing Rule 43(a), another court recently denied a party's motion opposing a trial being done entirely by videoconference. *Centripetal Networks, Inc., v. Cisco Systems, Inc.*, No. 2:18CV94, 2020 WL 3411385, at *1 (E.D. Va. Apr. 23, 2020) (concluding that, despite the defendant's objections, the court would move forward with the bench trial being done exclusively by videoconference technology).  Significantly, the court reached that conclusion in spite of the fact that the case involved highly complex patent infringement claims, *see* Mot. Opposing Trial Entirely by Videoconference at 2, *Centripetal Networks, Inc., v. Cisco Systems, Inc.*, No. 2:18-CV-94 (E.D. Va. Apr. 10, 2020), ECF No. 388, and the trial would last approximately three weeks, *see* Minutes of Proceedings, *Centripetal Networks, Inc., v. Cisco Systems, Inc.*, No. 2:18-CV-94 (E.D. Va. June 11, 2020), ECF No. 476 (noting that the parties presented closing arguments on the twenty-second day of the bench trial).

The court therefore concludes that, notwithstanding NatureWise's objections, this case will proceed with the trial currently set for July 16, 2020 by the use of videoconference technology if the court is unable to conduct the trial in person.  Given that this case is already nearly seven years old, the court is wary of further postponement.  To that end, the court is unpersuaded by NatureWise's desire to delay trial if cannot be done in person.  At this point, it is unclear when the court will be able to resume its ordinary operations.  Furthermore, once court operations have resumed, the court would potentially be required to postpone the bench trial even further in order to accommodate crucial criminal matters, including criminal trials, which would take precedence over civil disputes.  Thus, in the interest of reaching an expeditious resolution in this already longstanding case, the court will proceed with the current trial date, whether in person or by videoconference technology.

## CONCLUSION

Based on the foregoing reasoning, NatureWise's Motions in Limine No. 1 [ECF No. 483], No. 3 [ECF No. 485], and No. 4 [ECF No. 486] are hereby **DENIED**.  NatureWise's Motion in Limine No. 2 [ECF No. 484] is hereby **GRANTED**, and NatureWise's Motion in Limine No. 5 [ECF No. 487] is hereby **GRANTED in part and DENIED in part**.  Moreover, the court resolves the parties' objections as described herein.  And, finally, the parties are to ensure their preparation as the court will move forward with trial, beginning July 16, 2020, whether in person or via videoconference technology.

Dated this 24th day of June, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

21