James E. Magleby (7247)
 magleby@mcpc.law
Edgar Cataxinos (7162)
 cataxinos@mcpc.law
Geoffrey K. Biehn (13445)
 biehn@mcpc.law
Yevgen Kovalov (16297)
 kovalov@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Intervenor and Interested Party
 Magleby Cataxinos & Greenwood, PC,
 k/n/a Magleby Cataxinos, PC

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **VITAMINS ONLINE, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**HEARTWISE, INC.** an Oregon corporation d/b/a NATUREWISE,<br><br>Defendant. | JOINT STATEMENT CONCERNING THE LACK OF NEED FOR EXPEDITED BASIS<br><br><br>Case No.:  2:13-cv-00982-DAK<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

Intervenor and Interested Party Magleby Cataxinos & Greenwood, PC, k/n/a Magleby Cataxinos, PC ("MCG") and Pravati Capital, LLC ("Pravati") submit this Joint Statement Concerning the Lack of Need for Expedited Basis.

In its September 10, 2024 Docket Text Order Setting Deadlines (the "Docket Text Order") (Dkt. 691), the Court noted that "the execution sale, which was the basis for the urgency in this case, has already occurred" and, consequently, asked the parties to "file a statement (not to exceed 5 pages) by 9/18/2024 as to whether there is still a need for the motions in this case to be decided on an expedited basis, and if so, why.

As noted in the Docket Text Order and detailed in the Stipulated Motion to Extend Time to Submit Proposed Orders (the "Stipulated Motion") (Dkt. 688) and the Joint Reply in Support of Stipulated Motion to Extend Time to Submit Proposed Orders (Dkt. 698), Vitamins Online's lender, Pravati, completed a foreclosure sale of Vitamins Online's claims related to or arising out of this case (the "Sale").  Because Pravati and MCG are the parties with a vested interest in the current issues presented in the pending cross motions, and because MCG and Pravati reached an agreement to postpone the deadlines for at least a short time—extending the time for the issuance of a ruling on the motions to October 30, 2024, there is no need for the motions in this case to be decided on an expedited basis.

Ignoring the above, the lone basis for urgency in this case, as outlined in Vitamins Online's July 23, 2024 Motion for a Decision on an Emergency Basis on Its Motion to Collect the Judgment (Dkt. 659), is no longer applicable:

> [i]f VO is unable to pay Pravati what it owes before the execution sale, VO's assets will be seized and auctioned, and VO will suffer permanent and irreparable harm despite the $14.5 million in the Bankruptcy Court's registry earmarked to pay the Judgment.  Thus, to prevent irreparable harm from the *Writ of Execution*, VO . . . request[ed] this Court to hear and decide its *Motion to Collect the Judgment* on an emergency basis. . . [this urgency] will allow VO to pay Pravati's judgment to avoid VO's property being auctioned to satisfy Pravati's judgment.

[July 23, 2024 Motion for a Decision on an Emergency Basis on Its Motion to Collect the Judgment (Dkt. 659)].  As reflected in Vitamins Online's Opposition to Stipulated Motion to Extend Time to Submit Proposed Orders (Dkt. 690), there is no dispute that Vitamins Online failed to pay Pravati, Pravati's judgment was not satisfied, and that Vitamins Online's assets were seized and auctioned.  [Sept. 9, 2024 Vitamins Online's Opposition to Stipulated Motion to Extend Time to Submit Proposed Orders (Dkt. 690) ("On August 29, 2024, Non-Party Pravati executed on its judgment against VO and VO's claims and choses in action arising in and related to this case were sold at auction.  Although the Application for Writ of Execution listed the value of that property as at least $14.5 million, Non-Party Pravati purchased that property with a credit bid of $1 million.  It was the only bidder.  Consequently, Non-Party Pravati has filed a motion to substitute VO in this case.")]  As a result, there are no longer any grounds for urgency.

DATED this 18th day of September, 2024.

**MAGLEBY CATAXINOS, PC**

/s/ James E. Magleby
James E Magleby
Edgar Cataxinos
Geoffrey K. Biehn
Yevgen Kovalov

Attorneys for Intervenor and Interested Party
  Magleby Cataxinos & Greenwood, PC, k/n/a
  Magleby Cataxinos, PC

**RICHARDS BRANDT MILLER NELSON**

/s/ Cody G. Kesler
Steven H. Bergman
Cody G. Kesler (* Signature affixed with permission given by email)

Attorneys for Pravati Capital, LLC; Pravati Credit Fund III, LP; and Pravati Investment Fund IV, LP

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **JOINT STATEMENT CONCERNING THE LACK OF NEED FOR EXPEDITED BASIS** was delivered to the following this 18th day of September, 2024, by:

[ ]     Electronic Mail

[X]    CM/ECF System

Chad E. Nydegger
 cnydegger@wnlaw.com
Workman Nydegger
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111

Attorneys for Vitamins Online

Cody G. Kesler
 cody-kesler@rbmn.com
Steven H. Bergman
 steven-bergman@rbmn.com
Adam S. Affleck
 adam-affleck@rbmn.com
RICHARDS BRANDT MILLER NELSON
111 East Broadway, Suite 400
Salt Lake City, Utah 84111

Attorneys for Pravati Capital, LLC; Pravati Credit Fund III, LP; and Pravati Investment Fund IV, LP

E. Scott Savage
 ssavage@sywlaw.com
Savage, Yeates & Waldron, P.C.
170 South Main Street, Suite 1075
Salt Lake City, Utah 84101

R. Joseph Trojan (*pro hac vice*)
 trojan@trojanlawoffices.com
Francis Wong (*pro hac vice*)
 wong@trojanlawoffices.com
Lan C. Dang (*pro hac vice*)
 dang@trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, California 90212

Attorneys for Defendant HeartWise

/s/ Sasha Zito