IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **VITAMINS ONLINE, INC.**, a Delaware corporation,<br><br>                 **Plaintiff,**<br>v.<br><br>**HEARTWISE, INC.** an Oregon corporation d/b/a **NATUREWISE**,<br><br>                 **Defendant.** | **MEMORANDUM DECISION AND ORDER DENYING MCG's MOTION FOR RECONSIDERATION AND DENYING AS MOOT MCG'S MOTION TO STAY AND MOTION TO EXPEDITE**<br><br>Civil Action No. 2:13-cv-00982-DAK<br><br>Judge Dale A. Kimball<br>Magistrate Judge Jared C. Bennett |

This matter is before the court on three motions filed by intervenor Magleby Cataxinos & Greenwood, PC, k/n/a Magleby Cataxinos, PC.'s ("MCG"): Motion for Reconsideration,[1] MCG's Emergency Motion to Stay Collection Rights Order ("Motion to Stay"),[2] and Emergency Motion for Expedited Decision on (i) MCG's Motion to Stay Collection Rights Order; and (ii) Motion for Reconsideration ("Emergency Motion for Expedited Decision").[3] The court has carefully considered the memoranda and other materials submitted by the parties, including the documents filed this morning (i.e., Notice of Supplemental Authority filed by Vitamins Online, and MCG's Reply Memorandum Regarding its Emergency Motion to Stay), as well as the law and facts relating to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

---

[1] ECF No. 713.

[2] ECF No. 716.

[3] ECF No. 717.

1

MCG has filed a Motion for Reconsideration, asking the court to reconsider, modify, or clarify its September 30, 2024, ruling that granted Vitamins Online's Motion to Collect the Judgment.[4] In its motion, MCG asks the court to "make the required threshold determination regarding Vitamins Online's standing to pursue the relief at issue," in light of the August 29, 2024, execution sale by Pravati.[5] In addition, MCG seeks reconsideration of other determinations regarding MCG's contractual and lien rights.[6] For the reasons stated below, the court denies the Motion to Reconsider, rendering as moot the Motion to Stay and the Motion to Expedite.

In its Motion to Reconsider, MCG highlights a statement this court made in denying Pravati's Motion to Substitute as Plaintiff. The court noted that it was unclear precisely what Pravati purchased at the August 29, 2024, execution sale.[7] Based at least in part on this statement, MCG maintains that the court has not determined whether Vitamins Online has standing in this case, and it asks this court to decide the issue. The court disagrees that it has not yet made this determination.

MCG has previously argued that Vitamins Online does not have standing. Specifically, soon after Pravati filed a Motion for Substitution of Plaintiff,[8] MCG filed a Stipulated Motion for Extension of Time to Submit Proposed Orders ("Motion for Extension of Time").[9] In the Motion for Extension of Time, MCG stipulated with Pravati (a non-party at that point) to an extension of

---

[4] ECF No. 706.

[5] ECF No. 713.

[6] *Id.*

[7] ECF No. 705.

[8] ECF No. 687.

[9] ECF No. 688.

time to submit proposed orders requested by the court regarding the pending motions concerning who was entitled to collect the money deposited by Heartwise into the Bankruptcy Court's registry.[10] MCG argued in the motion that "Pravati is the holder of Vitamins Online's claims in this case, and – conversely - Vitamins Online has no standing."[11]

Implicitly rejecting MCG's proposition that Vitamins Online had no standing in the case, the court denied Pravati's Motion to Substitute as Plaintiff—leaving left intact VO's standing in this case.[12] The court also denied MCG's Stipulated Motion for Extension of Time to Submit Proposed Orders[13] which again implicitly recognized that the court had determined that Vitamins Online still had standing. Indeed, the court noted that while Vitamins Online had timely submitted its proposed order, it could choose to submit a new proposed order, in light of the fact that MCG's Stipulated Motion for an Extension of Time—and the related expedited briefing—had already provided MCG an additional two weeks beyond the court-imposed deadline.[14]

Moreover, on September 30, 2024, the court granted Vitamins Online's Motion to Collect the Judgment, concluding that Vitamins Online has the exclusive right to payment of the $14.5 million for Claim 3.[15] Additionally, on October 8, 2024, the court granted Vitamin Online's Motion for Additional Findings, reiterating the court's previous finding that Vitamins Online has the exclusive right to payment of the $14.5 million for Claim 3 and adding an additional finding that Pravati does not have the right to payment of $14.5 million from the Bankruptcy Court's

---

[10] *Id.*

[11] *Id.* at 2.

[12] ECF No. 705.

[13] ECF No. 705

[14] *Id.* at 2 & n.4.

[15] ECF No. 706.

registry.[16] The court also found that the state court expressly exempted from execution VO's claims in the Bankruptcy Case, including VO's right to payment of $14.5 million for Claim 3, and the state court ordered the sheriff to "release" the property.[17] To the extent, however, that the court has not made clear that Vitamins Online has standing in this action, the court now explicitly finds that Vitamins Online has standing in this action.

The court recognizes that MCG has raised other issues that it would like the court to reconsider, particularly concerning MCG's attorney lien. The court, however, declines to do so, as the court has already considered MCG's arguments.

Accordingly, the foregoing reasons, IT IS HEREBY ORDERED that:

- MCG's Motion for Reconsideration [ECF No. 713] is DENIED;

- MCG's Emergency Motion to Stay Collection Rights Order [ECF No. 716] is DENIED as moot; and

- MCG's Emergency Motion for Expedited Decision on (1) MCG's Motion to Stay Collection Rights Order; and (2) Motion for Reconsideration [ECF No. 717] is DENIED as moot.

DATED this 11th day of October 2024.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[16] ECF No. 711.

[17] *Id.*