SAVAGE, YEATES & WALDRON, P.C.
E. Scott Savage (2865)
Stephen R. Waldron (6810)
170 South Main Street, Suite 1075
Salt Lake City, Utah 84101
Phone: (801) 328-2200
Email: ssavage@sywlaw.com

R. Joseph Trojan (pro hac vice)
trojan@trojanlawoffices.com
Dylan C. Dang (pro hac vice)
dang@trojanlawoffices.com
Francis Wong (pro hac vice)
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-777-8348
*Attorneys for Defendant,*
*HEARTWISE, INC.*
*d/b/a NATUREWISE*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| VITAMINS ONLINE, INC. a Delaware corporation,<br><br>　　　　　Plaintiff,<br>　v.<br><br>HEARTWISE, INC., an Oregon Corporation d/b/a NATUREWISE,<br><br>　　　　　Defendant. | CASE NO. 2:13-cv-00982-DAK-JCB<br><br>**DEFENDANT'S SUPPLEMENTAL STATUS REPORT RE ISSUES ON REMAND**<br><br>**Judge Dale A. Kimball** |

Pursuant to the Court's September 30, 2024 Status Report Order (Dkt. 707) and in response to Plaintiff Vitamins Online, Inc.'s ("VO") Status Report filed on October 14, 2024 (Dkt. 731), Defendant HeartWise, Inc. d/b/a NatureWise ("Heartwise") respectfully submits this supplemental status report concerning VO's request for two additional depositions: "A Rule 30(b)(6) deposition of Heartwise and the deposition of Sasha Liboldt to compete discovery" (Dkt. 731 at 6-7). Discovery should not be reopened because VO has failed to provide good cause for these two depositions.

### A. VO's Request for Heartwise's 30(b)(6) Deposition

Discovery on the remanded issues closed over eight months ago on February 5, 2024. VO took the depositions of Ms. Elaine Phan,[1] Heartwise's CFO, on February 5, 2024, and the deposition of Mr. Tuong Nguyen, Heartwise's CEO, on February 7, 2024. Even though VO deposed the two highest ranking employees of Heartwise, it never sought to depose Heartwise pursuant to FRCP 30(b)(6). VO states in the status report that it has not taken Heartwise's deposition "because VO was waiting until Heartwise's responses to discovery requests was complete." (Dkt. 731 at 6.) Heartwise finished supplementing its discovery responses and document production on May 10, 2024 as ordered by Judge Bennett. VO has not raised any issue with respect to the completeness of Heartwise's production. Yet, it never asked for Heartwise's deposition at any time over the last five months.

### B. VO's Request for Sasha Liboldt's Deposition

VO contends that it "attempted to take the deposition of Sasha Liboldt, a former employee of Heartwise. Although that deposition was properly noticed for February 5, 2024, Ms. Liboldt

---

[1] Heartwise misremembered that Ms. Phan's deposition was taken pursuant to FRCP 30(b)(6) because she has represented Heartwise in that capacity in the past, but VO did not actually serve a FRCP 30(b)(6) deposition notice in the remanded proceedings.

1

failed to appear for the deposition." (Dkt. 731 a 6.) VO omits critical facts relating to Ms. Liboldt's subpoena.

As a preliminary note, Ms. Liboldt was <u>not</u> an employee of Heartwise as of the date of subpoena and was outside Heartwise's control at that time (and remains outside Heartwise's control now).

Moreover, VO issued two subpoenas to Ms. Liboldt, both of which were ineffective. When VO first provided notice to Heartwise that it intended to serve a subpoena to Ms. Liboldt on January 18, 2024, setting the deposition for February 5, 2024 (**Exhibit 1**), Heartwise informed VO that the "subpoena[] are deficient on their face as they fail to provide a location for the deposition; instead, they only include a reference to video conferencing" (**Exhibit 2**). Recognizing that the subpoena to Ms. Liboldt was deficient, VO attempted to serve an "amended" subpoena on February 1, 2024. However, the "amended" subpoena was improper because it required Ms. Liboldt to appear for her deposition on February 5, 2024. (**Exhibit 4**.) Ms. Liboldt was not served with the "amended" subpoena until Friday, February 2, 2024, less than half a business day prior to the noted date of the deposition on Monday, February 5, 2024. (**Exhibit 5**.) Accordingly, Heartwise served objections to the "amended" subpoena as being untimely. *Id*.

Despite the fact that both the original and the "amended" subpoenas to Ms. Liboldt were defective on their face, VO proceeded with the deposition on February 5, 2024. When she did not appear, VO took no further action, even though it filed a separate motion to compel on other discovery issues on February 12, 2024. VO has been silent regarding Ms. Liboldt's deposition for over eight months.

Based on VO's lack of diligence as discussed above, discovery should not be reopened for more depositions. Additionally, since it appears that the control of the remanded claims is unclear,

2

the Court should determine which party controls the remanded claims before setting any further deadlines.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | TROJAN LAW OFFICES |
|  | By |
| October 15, 2024 | /s/ R. Joseph Trojan |
|  | R. Joseph Trojan |
|  | Attorneys for Heartwise |