# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **VITAMINS ONLY, INC.**, a Delaware corporation,<br><br>  Plaintiff,<br><br>v.<br><br>**HEARTWISE, INC.**, an Oregon corporation d/b/a NATUREWISE,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>**Civil Action No: 2:13-cv-00982-DAK**<br><br>**Judge Dale A. Kimball** |
| **MAGLEBY CATAXINOS P.C.**, a Utah professional corporation; **PRAVATI CAPITAL, LLC**, a Delaware limited liability company; **PRAVATI CREDIT FUND III, LP**, a Delaware limited partnership; and **PRAVATI INVESTMENT FUND IV, LP**, a Delaware limited partnership,<br><br>  Intervenors. | |

This matter is before the court on (1) Vitamins Online, Inc.'s ("Vitamins Online") Motion to Stay Proceedings on Issues Remanded by the Tenth Circuit Until Release of the Registry Funds to Satisfy the Unstayed Judgments and the Tenth Circuit's Mandate;[1] (2) Workman Nydegger, P.C.'s Conditional Motion to Withdraw as Counsel for Vitamins Online;[2]

---

[1] ECF No. 868.

[2] ECF No. 870

1

and Vitamins Online's Motion for a Decision on an Emergency Basis on the Parties' Claims Briefs Re: Entitlement to Registry Funds.[3]

First, the court declines to stay proceedings on the remanded issues. Ever since the Tenth Circuit entered its Mandate over two years ago, the court has attempted to be patient with Vitamins Online because of the time-consuming litigation concerning Heartwise's bankruptcy. In November 2023, the court permitted limited discovery on the remanded issues[4] and later granted Vitamins Online's motion to extend the discovery period.[5] It also permitted Vitamins Online to take a Rule 30(b)(6) deposition, arguably after discovery had ended and after Heartwise had filed a Motion for Summary Judgment.[6] The court also required Heartwise to refile its Motion for Summary Judgment, finding that it had been prematurely filed.[7] Three weeks after Heartwise filed a new Motion for Summary Judgment, and apparently after Vitamins Online obtained from Heartwise an extension of time to respond to the motion,[8] Vitamins Online filed the instant Moton to Stay Proceedings on Issues Remanded by the Tenth Circuit.[9] Vitamins Online, however, has not established good cause to stay the proceedings on the remanded issues.

Although there is debate among the parties about this issue (and the court does not here decide the issue), some parties/intervenors believe that the Reorganization Plan requires that the Registry Funds shall "not [be] released . . . until all appeals of the Judgment and any subsequent

---

[3] ECF No. 874.
[4] ECF No. 639.
[5] ECF No. 641.
[6] ECF No. 836.
[7] ECF No. 864.
[8] ECF No. 873 at 5.
[9] ECF No. 868.

proceedings have been completed."[10] Thus, if the court further delays the proceedings on the remanded issues, it might further delay release of the Registry Funds, which does not appear to be in any party's interest. Moreover, the remanded issues have been pending for over two years, and the time has come for those issues to be resolved. Thus, the Motion to Stay is denied.

Based on Workman Nydegger's conditional Motion to Withdraw,[11] it appears that the court's decision to proceed on the remanded issues will leave Vitamins Online without counsel in this case, but Vitamins Online has made its own choices, and it is not the only party whose interests the court must consider. The court permits Workman Nydegger to withdraw, and the firm will be removed as counsel for Vitamins Online.

With regard to Vitamins Online's future representation, the court orders that: New counsel shall file a Notice of Appearance on behalf of Vitamins Online within twenty-one (21) days. Pursuant to DUCivR 83-1.3, Vitamins Online may not appear pro se; rather, it must be represented by an attorney who is admitted to practice in this court. If Vitamins Online fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above, it may be subject to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal. With regard to scheduling, the court orders that this action shall be stayed for twenty-one (21) days after entry of this Order.

If new counsel appears for Vitamins Online, counsel may seek an extension of time to file an opposition to Heartwise's pending Motion for Summary Judgment. Otherwise, the deadline for filing an opposition memorandum is October 24, 2025.

---

[10] ECF No. 661-2 at 5.
[11] ECF No. 870.

Next, the court denies Vitamins Online's Motion for a Decision on an Emergency Basis on the Parties' Claims Briefs Re: Entitlement to Registry Funds. As Vitamins Online has underscored in previous briefing, the court arguably does not have jurisdiction to proceed on issues pertaining to the Registry Funds.[12] If the Tenth Circuit were to agree with Vitamins Online's argument that this court's March 25, 2025, "Vacatur Order," is a legal nullity,[13] this court's decision regarding the parties' entitlement to the registry funds would fall into the same category. Accordingly, before investing significant resources on deciding these issues, the court will await a decision from the Tenth Circuit after that court hears oral argument on November 20, 2025.[14]

## ORDER

Accordingly, IT IS HEREBY ORDERED that Vitamins Online's Motion to Stay Proceedings on Issues Remanded by the Tenth Circuit [ECF No. 868] is DENIED; (2) Workman Nydegger, P.C.'s Conditional Motion to Withdraw as Counsel for Vitamins Online [ECF No. 870] is GRANTED;[15] and Vitamins Online's Motion for a Decision on an Emergency Basis on the Parties' Claims Briefs Re: Entitlement to Registry Funds [ECF No. 874] is DENIED.[16]

The court will cause this Order to be sent to Client at the address set forth in the Motion for Withdrawal of Counsel and to all other parties. The Clerk of Court is directed to terminate Workman Nydegger as counsel for Vitamins Online after this Order is docketed.

---

[12] *See e.g.*, ECF No. 841 at 7-12; ECF No. 799 at 12-13.

[13] ECF No. 841 at 11-12.

[14] *See* Tenth Circuit Case No. 24-4110, ECF No. 52.

[15] ECF No. 870

[16] ECF No. 874.

New counsel, if obtained, shall file a Notice of Appearance on behalf of Vitamins Online within twenty-one (21) days after the date of this Order. Pursuant to DUCivR 83-1.3, Vitamins Online may not appear pro se, but must be represented by an attorney who is admitted to practice in this court. If Vitamins Online fails to timely file a Notice of New Counsel, it may be subject to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal. With regard to scheduling, the court orders that this action shall be stayed for twenty-one (21) days after entry of this Order. If new counsel appears for Vitamins Online, counsel may seek an extension of time to file an opposition to Heartwise's pending Motion for Summary Judgment. Otherwise, the deadline for filing an opposition memorandum is October 24, 2025.

DATED this 22nd day of September 2025.

BY THE COURT:

DALE A KIMBALL
United States District Judge