THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VITAMINS ONLINE, INC., a Delaware corporation,<br><br> *Plaintiff*,<br><br>v.<br><br>HEARTWISE, INC., an Oregon corporation,<br><br> *Defendant*. | **MEMORANDUM DECISION AND ORDER GRANTING NATUREWISE'S MOTION TO REOPEN CASE FOR A LIMITED PURPOSE AND GRANTING NATUREWISE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No 2:13-cv-00982-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on a Motion to Reopen filed by Defendant HeartWise, Inc. d/b/a Naturewise ("NatureWise").[1] On October 28, 2025, the court administratively closed this case pursuant to a Notice of Bankruptcy Filing and Automatic Stay, which had been filed by Plaintiff Vitamins Online's ("VO") previous counsel, Workman Nydegger P.C. ("WN") on October 24, 2025.[2] WN, who is not a party in this action and who withdrew from representing VO prior to VO's bankruptcy filing, opposes reopening the case, arguing, among other things, that it is contrary to the automatic stay provided by section 362 of the Bankruptcy Code (the "Automatic Stay").[3] Additionally, the Chapter 7 Trustee for the bankruptcy estate of debtor VO has also opposed the motion, arguing that NatureWise has violated this court's order administratively

---

[1] ECF No. 881.

[2] *See* ECF Nos. 879, 880, respectively.

[3] ECF No. 882.

1

closing the case and has also violated the Automatic Stay.[4] The Trustee also noted that she intended to file a Motion for Sanctions against NatureWise in VO's bankruptcy proceeding because of NatureWise's alleged violation of the Automatic Stay.[5]

The court, however, finds that NatureWise did not violate the court's administrative closure order or the Automatic Stay. Accordingly, the court hereby reopens the case for the limited purpose of resolving NatureWise's Motion for Summary Judgment and separate issue of VO's attorney fees, which NatureWise argues VO has now waived.

Resolving these issues will bring finality to the instant action almost six years after this court held a two-week bench trial and more than two years after the Tenth Circuit Court of Appeals affirmed the court's decision but remanded the case for the court to resolve two issues that the appellate court determined this court had not resolved. Moreover, because of the long and complicated history of this case, resolving these issues will conserve the judicial resources of the Delaware Bankruptcy Court and prevent the parties and intervenors from having to spend time and money relitigating these issues in yet another court.

Another reason to finally resolve the few remaining issues in this case is that a final resolution here might help the Delaware Bankruptcy Court bring finality to this long-running litigation. Resolving the claims of VO's many creditors in the Delaware Bankruptcy Court is more appropriate than resolving them in this court, where the court's jurisdiction has always been in doubt because the claimants/intervenors have never been parties in this case, and their claims are not claims for which there is federal jurisdiction. But the judge in NatureWise's

---

[4] ECF No. 884.

[5] *Id.*

bankruptcy case in the Central District of California declined to release any of the approximately $14 million held in that court's registry (the "Registry Fund") to VO until all the claimants had first been paid[6]—despite this court's orders to do so.[7] This court was, for all intents and purposes, left with no choice but to decide the claims of VO's creditors if the litigation were to be resolved without additional time-consuming additional appeals while significant interest was arguably accruing on VO's litigation funding loans. Consequently, the court ultimately vacated its orders that had directed the California Bankruptcy Court to release the Registry Funds to VO[8] and was endeavoring to determine the amounts owed to all claimants so that the California Bankruptcy Court would release the Registry Funds. VO, however, maintains that the court lacked jurisdiction to vacate the orders to distribute the Registry Funds to VO because MCG's pending appeal divested this court of jurisdiction. The court, however, does not agree that its now-vacated orders were appealable, and it will therefore continue to exercise jurisdiction over this action.

There is no doubt that the resolution of VO's remaining claims, which were remanded by the Tenth Circuit over two years ago, and resolution of Naturewise's argument regarding attorney fees, will serve to streamline VO's bankruptcy case so that a final resolution may be reached.

---

[6] ECF No. 764-8.

[7] ECF Nos. 706, 711. One of the intervenors, Magelby Cataxinos and Greenwood, PC ("MCG"), appealed that decision. *See Vitamins Online v. Heartwise* et al., Case No. 24-4110 (10th Circuit October 31, 2024). After the court vacated the order, MCG moved to dismiss its appeal as moot. ECF No. 32. In opposition to MCG's Motion to Dismiss, VO argued that this court lacked jurisdiction to vacate the order. ECF No. 35. Oral argument had been set for November 20, 2025, ECF No. 52, but it has been abated because of VO's bankruptcy filing. ECF No. 58.

[8] *See* ECF No. 793.

## I.     REOPENING THIS CASE AND THE AUTOMATIC STAY

### A.     NatureWise Did Not Violate the Court's Administrative Closure Order

On October 28, 2025, this court entered a routine "Order Administratively Closing Case Because of Bankruptcy Stay" (the "Order").[9] Contrary to the Trustee's argument,[10] however, the court did not make an independent determination that the Automatic Stay was in effect. Rather, the court based its Order on the representation by Intervenor WN that the Automatic Stay was in effect.[11] If the Automatic Stay does not apply in this situation, then NatureWise's motion did not violate the court's order.

The court finds that good cause exists to reopen this case for the purpose of determining whether the Automatic Stay applies, and if it does not, to finally resolve the remaining issues present in the case.

### B.     NatureWise Did Not Violate the Automatic Stay

First, this court "has jurisdiction to determine not only its own jurisdiction but also the precise question whether the proceeding pending before it is subject to the automatic stay."[12]

---

[9] ECF No. 880.

[10] ECF No. 884 at 4. Any page numbers cited herein refer to the page numbers generated by CM/ECF.

[11] ECF No. 879.

[12] *See Chao v. Hosp. Staffing Servs., Inc.,* 270 F.3d 374, 384 (6th Cir. 2001) (non-bankruptcy court can determine whether the automatic stay applies to the proceeding before the non-bankruptcy court); *In re Baldwin–United Corp. Litig.,* 765 F.2d 343, 347 (2nd Cir. 1985); *United States Dep't of Housing & Urban Dev't v. Cost Control Marketing & Sales Mgm't,* 64 F.3d 920, 927 n. 11 (4th Cir. 1995) (citing *Brock v. Morysville Body Works, Inc.* 829 F.2d 383 (3rd Cir.1987)), *cert. denied,* 517 U.S. 1187 (1996); *In re Fontaine*, 603 B.R. 94, 110 n.11 (D. N.M.

The court, having reviewed the briefing submitted by NatureWise and the Trustee, and having reviewed the case law on the issue, finds that VO's bankruptcy filing did not trigger the Automatic Stay provisions of 11 U.S.C. § 362. Under § 362(a)(1), "a petition filed [for voluntary bankruptcy] . . . operates as a stay, applicable to all entitles, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor. . . or to recover a claim against the debtor that arose before the commencement of the case under this title."[13] The Automatic Stay "does not apply where, as here, the debtor is the plaintiff in a lawsuit."[14] The stay does not prevent a defendant who is sued by a debtor from defending itself in the debtor's lawsuit, so long as the defendant does not file a counterclaim.[15]

The Tenth Circuit has reached the same conclusion that bankruptcy stays are only effective to stop an action against a defendant-debtor who has filed for bankruptcy.[16] The purpose behind section 362 "also indicates that the distinction between 'offensive' and 'defensive' actions of a party which affect the debtor's estate is an appropriate one to draw in determining the applicability of an automatic stay."[17] The purpose of the Automatic Stay is to

---

2019) (citing *Chao v. Hosp. Staffing Servs., Inc.,* 270 F.3d 374, 384 (6th Cir. 2001); *S.E.C. v. Wolfson*, 309 B.R. 612, 617–18 (D. Utah 2004).

[13] *See* 11 U.S.C. §362(a)(1).

[14] *In re Mitchell*, 206 B.R. 204, 212 (Bankr. C.D. Cal. 1997), as amended (May 30, 1997); *see Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126, 1127 (D.C. Cir. 1989) ("Section 362 "by its terms only stays proceedings *against* the debtor."); *Koolik v. Markowitz*, 40 F.3d 567, 568 (2nd Cir. 1994) (same); *In re Miller*, 262 B.R. 499, 506 ((9th Cir. B.A.P. 2001).

[15] *In re Mitchell*, 206 B.R. at 212 (citing *Koolik,* 40 F.3d 567 at 568 (2nd Cir. 1994)).

[16] *In re Bryner*, 425 B.R. 601, 602 (B.A.P. 10th Cir. 2010).

[17] *In re Fin. News Network Inc.*, 158 B.R. 570, 573 (S.D.N.Y. 1993).

provide the debtor (i.e., NatureWise in this case) with relief from the pressure and harassment of creditors (i.e., VO) seeking to collect their judgments. VO presumably filed for bankruptcy because it owes significant amounts of money to the intervenors—who are VO's previous attorneys and litigation lenders in this case—not because it owes money to defendant Naturewise.[18] While VO may be a debtor to the intervenors in this case, NatureWise is not a creditor to VO, and it is not seeking any money from VO. NatureWise has the right to defend itself from VO's claims by seeking resolution of its Motion for Summary Judgment.[19]

Accordingly, the court finds that the Automatic Stay does not apply, and the court will determine the remaining issues among the parties in this case.

## II.    THE BENCH TRIAL, THE TENTH CIRCUIT REMAND, AND OTHER RELEVANT HISTORY

After a ten-day bench trial held on Zoom during the height of the COVID-19 pandemic, this court entered Findings of Fact and Conclusions of Law, awarding VO $9,551,232 in disgorged profits from NatureWise,[20] and awarded simple prejudgment interest in the amount of 2.13% per annum, with accrual beginning on January 1, 2014.[21]  The court also concluded that "an enhancement of profits is not warranted," explaining:

> First, the court believes that the amount of awarded profits adequately compensates Vitamins Online such that an enhanced award of profits is not necessary. Second, an enhancement of profits would result in a penalty against

---

[18] *Id.; Martin–Trigona v. Champion Federal Savings and Loan Ass'n,* 892 F.2d 575, 577 (7th Cir. 1989) (stating that there is "no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.").

[19] *See, e.g., Tripharma, LLC v. First Fruits Bus. Ministry LLC*, No. 8:21-cv-01806-JVS(JDEx), 2023 WL 2695476, at *5 (C.D. Cal. Feb. 15, 2023) ("Even dispositive motions filed against the debtor plaintiff are not a violation of the automatic stay.").

[20] ECF No. 585 at 46.

[21] *Id.*

NatureWise instead of compensation to Vitamins Online. Third, while the balance of equities in this case supports disgorging the profits that NatureWise earned in 2012 and 2013, that analysis is limited to disgorgement itself; the equitable considerations above do not require the court to also enhance the awarded profits. Accordingly, the court declines to enhance the amount of disgorged profits awarded.[22]

In addition, after considering the requirements for injunctive relief set forth in *eBay, Inc., v. MercExchange, LLC*,[23] the court concluded that "Vitamins Online is not entitled to a permanent injunction."[24]  The court explained that its conclusion was based on the second and fourth *eBay* factors. Specifically, "[i]n this case, a disgorgement of NatureWise's profits adequately compensates Vitamins Online for its injury. Thus, injunctive relief on top of disgorgement is unwarranted. Accordingly, the court finds that the second factor weighs against an injunction."[25] The court further explained that, in addition:

> [T]he fourth factor weighs against an injunction. For its injunctive relief, Vitamins Online requests that NatureWise be compelled to remove all of the [p]roduct reviews on Amazon.  However, the court finds that such a remedy would be against the public interest. The court reaches this conclusion because, were the court to issue such an order, legitimate reviews of actual consumers would also be removed. Thus, injunctive relief, in that respect, would not only serve as a remedy for Vitamins Online, but also a remedy against actual consumers on Amazon and the Amazon marketplace itself. Such a result, the court believes, is not appropriate under the circumstances of this case, and goes strongly against the public interest. Therefore, the court rejects Vitamins Online's request for injunctive relief.[26]

---

[22] *Id.* at 48.

[23] 547 U.S. 388, 391 (2006). In order to qualify for injunctive relief, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

[24] ECF No. 585 at 49.

[25] *Id.*

[26] *Id.*

And finally, the court also determined that, "considering the totality of the circumstances, this is an exceptional case such that an award of attorney fees and costs is appropriate and warranted."[27] In particular, "the court concludes that this case is exceptional in light of NatureWise's actions in willfully deceiving consumers, failing to produce pertinent evidence, and abusing the discovery process. Furthermore, the court finds that an award of attorney fees and costs is appropriate in order to deter NatureWise from further engaging in such willful conduct."[28] Accordingly, the court ordered VO to file all of the necessary documentation establishing the amount of attorney fees and costs that it has incurred in this case within thirty days of the judgment being entered, which was on November 10, 2020.[29]

Approximately twenty-three days later, NatureWise appealed the court's ruling.[30] The next day, on December 4, 2020, NatureWise filed for bankruptcy in the Central District of California under Chapter 11 of the Bankruptcy Code.[31] Consequently, the appeal to the Tenth Circuit was abated.[32] Approximately one year later, presumably after the Automatic Stay in Naturewise's bankruptcy had been lifted, VO filed a cross-appeal of the court's decision.[33] On August 4, 2023, approximately three years after the court had entered judgment, the Tenth Circuit issued its decision, affirming the court's determination that "NatureWise is liable under

---

[27] *Id.* at 50.

[28] *Id.*

[29] *Id.*

[30] ECF No. 588.

[31] ECF No. 595.

[32] ECF No. 616.

[33] ECF No. 616.

the Lanham Act and UCL," and it affirmed the court's award of profits, attorney fees, and costs."[34] The Tenth Circuit, however, remanded the case "so that the district court can consider in the first instance whether it is appropriate to enjoin NatureWise from engaging in further review manipulation and whether VO is entitled to punitive damages under the UCL."[35] The Tenth Circuit found:

> The district court denied an injunction on the basis that Vitamins Online was adequately compensated by a disgorgement of profits, and because it found that it would be against the public interest to force NatureWise to remove all its product reviews from Amazon. But the district court failed to consider that Vitamins Online also requested the court to enjoin NatureWise from "engag[ing] in . . . review manipulation conduct[.]"Because the district court considered injunctive relief only as to the removal of all existing reviews on Amazon—and not the injunction against further review manipulation that Vitamins Online requested,—it provided "no rational basis in the evidence for the ruling" (denying Vitamins Online's request to enjoin reverse manipulation) and therefore abused its discretion. [36]

As to punitive damages, the Tenth Circuit also stated that "[a]lthough the district court did consider whether enhanced damages under the Lanham Act were warranted, under Utah law enhanced damages are distinct from punitive damages."  Thus, these issues were remanded, and the Mandate was entered on August 4, 2023.[37]

Within weeks of jurisdiction being returned to this court, the court issued an order to the parties to file a status report as to the suggested procedure for addressing the remanded issues.[38] The court ultimately permitted 60 days—until January 6, 2024—for the parties to

---

[34] ECF No. 631 at 39.

[35] *Id.* at 39-40.

[36] *Id.* at 37 (internal citations omitted).

[37] ECF No. 631.

[38] ECF No. 632.

conduct limited discovery on the remanded issues, and later granted VO's Motion for an Extension of Time, extending the deadline to February 5, 2024.[39] The time was further extended by VO's Motion for Short-Form Discovery, which the magistrate judge addressed in an April 2024 Order.[40]

On May 30, 2024, VO filed an Emergency Motion to Deposit Funds into the Court's Registry,[41] which pertained to the approximately $14 million in funds NatureWise had deposited into the registry of the Bankruptcy Court in the Central District of California. VO sought to transfer the funds to this court. This motion, and the magistrate judge's subsequent denial of the motion,[42] set in motion a cascade of complex motions, court decisions, and appeals that consumed the parties', the intervenors', and the court's time for over a year, understandably distracting all involved from addressing the issues remanded by the Tenth Circuit in the underlying litigation.

During this tumultuous time, however, the court asked for a status update about the remanded issues, and the parties filed status reports in October 2024.[43] VO sought, for the first time, to take a Rule 30(b)(6) deposition of NatureWise.[44] On March 14, 2025, NatureWise filed a Motion for Summary Judgment on the Remanded Issues.[45] On April 11, 2025, VO filed a

---

[39] ECF Nos. 639 & 641, respectively.

[40] ECF No. 651.

[41] ECF No. 652.

[42] ECF No. 653.

[43] ECF Nos. 704, 726, 729-732.

[44] ECF No. 731.

[45] ECF No. 777.

Notice of Intent to Oppose the Motion.[46] On April 17, 2025, the court issued an Order Regarding VO's Intention to Conduct Additional Discovery on the Remanded Issues.[47] On April 30, 2025, VO filed a Motion to Conduct Discovery.[48] Despite VO's significant delay in pursuing discovery regarding the remanded issues, the court permitted it to conduct a 30(b)(6) deposition by July 18, 2025.[49]  Accordingly, the court terminated NatureWise's Motion for Summary Judgment as premature and stated that NatureWise could refile such a motion after VO completed its 30(b)(6) deposition.[50] NatureWise then filed another Motion for Summary Judgment on the Remanded Issues on August 5, 2025.[51]

Notwithstanding the court's patience with VO regarding the remanded issues, and having required NatureWise to wait a significant amount of time to file its Summary Judgment Motion, just before VO's response to the re-filed Motion for Summary Judgment was due, VO filed three motions: a Motion to Stay Proceedings on the Issues Remanded By the Tenth Circuit Until Release of the Registry Funds to Satisfy the Unstayed Judgments and the Tenth Circuit's Mandate,[52] a Motion for an Extension of time to oppose the Summary Judgment Motion if the court denied the Motion to Stay Proceedings,[53] and a Conditional Motion to Withdraw as

---

[46] ECF No. 801.

[47] ECF No. 806.

[48] ECF No. 812.

[49] ECF No. 836.

[50] ECF No. 864.

[51] ECF No. 867.

[52] ECF No. 868.

[53] ECF No. 869.

Counsel if the court denied the Motion to Stay.[54] The court immediately granted the Motion for Extension of Time to respond to the Summary Judgment Motion while the court decided the other motions.[55]

After VO's motions had been briefed, the court denied the Motion to Stay and granted the Motion to Withdraw as Counsel.[56] The court provided VO with twenty-one days to find new counsel and warned VO that, if it did not timely file a Notice of New Counsel, it may be subject to sanctions, including dismissal of its action.  The court also stated that if new counsel appeared, the court would provide an extension of time to respond to the Summary Judgment Motion. Otherwise, a response was due by October 24, 2025.[57] Vitamins Online filed a Bankruptcy petition in the Bankruptcy Court for the District of Delaware on October 24, 2025.[58]

### III.      NATUREWISE'S MOTION FOR SUMMARY JUDGMENT

As discussed above, this court was exceedingly patient with VO when it failed to address the Tenth Circuit's remanded issues for over two years. The court permitted VO to conduct discovery that was well beyond the time limit, and the court granted extensions of time for VO to respond to NatureWise's Summary Judgment Motion.[59] Ultimately, VO's counsel withdrew, and VO violated the court's order by failing to have new counsel file a Notice of Appearance by

---

[54] ECF No. 870.

[55] ECF No. 872.

[56] ECF No. 876.

[57] *Id.*

[58] ECF No. 879.

[59] ECF Nos. 864, 872, 876.

the deadline of October 13, 2025.[60] VO was warned that failure to obtain new counsel might result in dismissal of the action.[61] Had new counsel appeared, the response to NatureWise's Motion for Summary Judgment would have been due on October 24, 2025 (unless counsel requested an extension), but because no new counsel appeared, the stay of the briefing on the motion ended on October 13, 2025, and NatureWise's Motion for Summary Judgment became ripe for decision.

The court hereby grants Naturewise's Motion for Summary Judgment on three independent bases. First, the court dismisses VO's remaining claims against NatureWise (i.e., the claims remanded by the Tenth Circuit) as a sanction for violating the court's order to obtain new counsel within twenty-one days after VO's previous counsel withdrew. VO simply abandoned its case after pursuing it for almost thirteen years.  VO cannot reasonably believe it could prevail on those claims at this point.

Next, VO never responded to NatureWise's motion, and thus, it is unopposed. The court, however, must still find that there is no genuine dispute of material fact and that Naturewise is entitled to judgment as a matter of law.[62] The court has reviewed the motion and finds that there is no genuine dispute of material fact and that NatureWise is indeed entitled to judgment as a matter of law.

And finally, on the merits, after holding a ten-day bench trial, the court did not find any basis to award an injunction regarding review manipulation in this action. It also did not find

---

[60] ECF No. 876.

[61] *Id.*

[62] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

13

that punitive damages were warranted under Utah's Unfair Competition Law. The court's silence on these issues in the Findings and Conclusions did not mean that the court had ignored or forgotten about these issues; rather, it meant that the court found that VO was not entitled to them. For the reasons stated in NatureWise's motion, the court agrees with NatureWise that VO was not and is not entitled to an injunction regarding review manipulation or to punitive damages.

As stated by NatureWise in its motion, the injunction issue has been moot for a very long time, and there is no evidence that it has reoccurred or that there is any basis for concern that any of the offending review manipulations that Mr. Doyle orchestrated will reoccur in the future—particularly because he is no longer with NatureWise. In fact, he has since collaborated with VO. Finally, VO cannot claim to be irreparably harmed by any offending activities because it is no longer in operation.[63]

Regarding punitive damages, VO had waived the punitive damages because VO never properly preserved the issue for trial as reflected in the court's trial order.[64] VO sought only enhanced damages under the Lanham Act, which the court denied. Because VO did not preserve punitive damages as a claim in the pretrial order, the issue was eliminated from the action, and VO cannot claim punitive damages now. Moreover, having now considered the *Crookston* factors,[65] there is no evidence, much less clear and convincing evidence, that NatureWise acted with willful intent to harm VO. As set forth by NatureWise, the court already

---

[63] ECF No. 867 at 6-7.

[64] ECF No. 535 at 12.

[65] *Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 807 (Utah 1991).

took into consideration many of the *Crookston* factors when it denied enhanced damages under the Lanham Act.[66] The court previously found that exemplary damages were not warranted here because "the amount of awarded profits adequately compensates Vitamins Online such that an enhanced award of profits is not necessary."[67] The Tenth Circuit remanded that issue because the court did not include a separate, specific finding or conclusion about punitive damages, but the same reasoning applies. There was never a reason to think the court would award punitive damages under the UCL claim when it found that enhanced damages under the Lanham Act were not warranted.

Accordingly, the court grants NatureWise's Motion for Summary Judgment on the remanded issues regarding a permanent injunction and punitive damages.

### IV.   NATUREWISE'S CLAIM TO BANKRUPTCY REGISTRY FUNDS

In its "Opening Memorandum Re: Claim to Bankruptcy Registry Funds,"[68] NatureWise claims that it is entitled to any funds that remain after the allowed claims of creditors have been paid from the more than $16 million in the Registry Funds in the Central District of California Bankruptcy Court. NatureWise claims that "no party, including [VO], is entitled to the full amount plus accumulated interest. Since any distribution on claims is limited to the amount ultimately allowed, plus interest as specified in the Bankruptcy Plan, which is capped at 0.11%

---

[66] ECF No. 867 at 26-31. See also ECF No. 585 at p. 42, ¶ 35: "the court's analysis with respect to VO's Lanham Act claim applies with equal force to its second claim" of unfair competition under the UCL.); *See also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580, (1996) ("even a modest award of exemplary damages does not establish the high degree of culpability that warrants a substantial punitive damages award").

[67] ECF No. 585 at ¶ 51 (emphasis added).

[68] ECF No. 824.

from the Petition Date through the date of payment,[69] there may be surplus which must revert to Heartwise under the terms of the Plan."

While the court doubts that there will be any surplus in the Registry Fund, the court will not tread upon the Bankruptcy Court's authority to determine how any such funds are distributed and what to do with any surplus, with one exception. Whether there is a surplus will depend largely on one remaining issue in the instant action: whether VO is entitled to any attorney fees. NatureWise contends that VO is not entitled to any attorney fees because VO failed to claim and establish those fees as required by the court in its November 10, 2020, Findings of Fact and Conclusions of Law[70] or after the case was remanded on August 4, 2023.[71] Because of this failure, NatureWise argues, the court should deny any attorney fees request.[72]

The court disagrees with NatureWise that VO has waived its entitlement to any attorney fees. The Tenth Circuit affirmed this court's award of attorney fees to VO, and there were valid reasons why VO has not moved the court to quantify its previous award of attorney fees, including the fact that NatureWise deposited almost $3.5 million into the Registry Funds to cover the anticipated attorney fees, the overwhelming work that resulted from the Central District of California Bankruptcy Court's rulings regarding the entitlement to the Registry Funds, and the significant confusion in this litigation resulting from the fallout of the Bankruptcy Court's refusal to distribute any funds to VO until all other claimants were paid.  For example,

---

[69] ECF No. 824 at 2 (citing ECF 633-11 at 13:26–27).

[70] ECF No. 585 at p. 50, ¶ 58.

[71] ECF No. 631.

[72] ECF No. 824 at 2-3.

there have been issues about whether the Pravati Intervenors purchased the remaining claims of VO and consequently whether VO even has standing in the instant litigation,[73] whether this court has jurisdiction in light of Intervenor MCG's appeal of the court's Orders regarding VO's entitlement to the Registry Funds,[74] the court's subsequent vacatur of its Order regarding VO's entitlement to the Registry Funds,[75] MCG's Motion to Dismiss the Appeal,[76] and VO's subsequent challenge to the court's jurisdiction to vacate those orders. In other words, this litigation has been complicated and chaotic, and VO's attention was understandably directed at issues other than the quantification of its attorney fees. The court finds that VO remains entitled to its attorney fees.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that NatureWise's Motion to Reopen Case [ECF No. 881] is GRANTED, its Motion for Summary Judgment [ECF No. 867] is GRANTED, and VO is not entitled to punitive damages or to a permanent injunction.  And contrary to Naturewise's argument in its "Opening Memorandum Re: Claim to Bankruptcy Registry Funds" [ECF No. 824], the court finds that VO has not waived its entitlement to attorney fees.  All claims of VO (i.e., the issues remanded by the Tenth Circuit) have now been resolved. To the extent the claims of the Intervenors remain, this court declines to exercise jurisdiction over those claims. The litigation in this court is now resolved, and the case is closed.

---

[73] ECF. Nos. 687, 705.

[74] ECF No. 746.

[75] ECF No. 793, 823.

[76] *See, e.g.*, ECF No. 794.

DATED this 6th day of April 2026.

BY THE COURT:

DALE A KIMBALL
United States District Judge